**Richard STAR, Petitioner–Appellant,**

v.

**WARDEN, CCC, DIAMONDBACK CORRECTIONAL FACILITY; et al., Respondents–Appellees.**

No. 03–15730.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2004.

Decided June 8, 2004.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Richard Star appeals the district court's ruling denying his petition for a writ of habeas corpus, arguing that he was denied the effective assistance of counsel in his second degree murder trial in Hawaii state court. Star's claim is not procedurally barred, but the record does not support his ineffective assistance of counsel claim. We affirm.

■ We understand but disagree with the district court's ruling that Star failed to exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). Though oblique and fleeting, Star's pleadings before the Hawaii Supreme Court: 1) make reference to his Sixth Amendment right to the effective assistance of counsel, 2) cite to state cases discussing federal ineffective assistance of counsel law, 3) and discuss prejudice, a requirement of federal law. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even though he barely meets the threshold for exhaustion, Start fairly presented his federal claim by citing to the "federal source of law" upon which his claim is based. *See Baldwin v. Reese,* —— U.S. ——, ——, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004).

We agree with the district court that Star's ineffective assistance of counsel claim fails on the merits. To prevail in his ineffective assistance claim, Star must prove that his attorney's representation was deficient, and that the deficiency prej-

Michael Green, Attorney at Law, David J. Gierlach, Honolulu, HI, for Petitioner–Appellant.

Donn Fudo, Esq., Peter B. Carlisle, Esq., Prosecuting Attorney's Office, Honolulu, HI, for Respondent–Appellee.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

udiced him. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

■ Defense counsel made a reasonable tactical decision not to present expert testimony to support his defense of extreme mental or emotional disturbance. *Id.* at 690, 104 S.Ct. 2052 (stating that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.") Counsel was aware of the expert testimony presented by the defense in Star's first trial, as well as the prosecution's expert rebuttal testimony. By not calling an expert to support the EMED defense, counsel avoided exposing the jury to the contrary opinion of the prosecution's expert, and avoided giving the prosecution's expert access to Star. *See Jackson v. Calderon*, 211 F.3d 1148, 1157 (9th Cir.2000) (stating that capital defense counsel's decision not to use expert was reasonable, in part because counsel wished to avoid opening door to damaging background information); *see also Harris v. Vasquez*, 949 F.2d 1497, 1525 (9th Cir.1990) (deeming "acceptable trial strategy" a capital defense attorney's decision "not to call psychiatrists to testify when they can be subjected to cross-examination based on equally persuasive psychiatric opinions that reach a different conclusion.")

This is not a situation in which counsel called an expert witness but then did a poor job of preparing that expert to testify. Such conduct could not be characterized as reasonable trial strategy. *Compare, Wallace v. Stewart*, 184 F.3d 1112, 1115–16 (9th Cir.1999); *Bean v. Calderon*, 163 F.3d 1073, 1078–79 (9th Cir.1998); *Bloom v. Calderon*, 132 F.3d 1267, 1271 (9th Cir.1997). Rather, counsel chose to support the EMED defense with Star's own testimony. As the district court

ruled, this was not an unreasonable tactic since it benefitted the defense. The prosecution also did not use an expert witness as it had in the first trial. The presumption that the decision not to call an expert was reasonable trial strategy has not been rebutted. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

■ The district court did not abuse its discretion in denying Star's request for an evidentiary hearing to explore defense counsel's state of mind as to his decision not to use an expert. *See Davis v. Woodford*, 333 F.3d 982, 991 (9th Cir.2003)(holding that district court's denial of an evidentiary hearing in habeas proceeding is reviewed for abuse of discretion). The district court could correctly determine that it was clear from the record that defense counsel's decision was tactical and entitled to a high level deference and a strong presumption of reasonableness. *See Brodit v. Cambra*, 350 F.3d 985, 992 (9th Cir.2003).

AFFIRMED.