**Jose QUINTANA, Petitioner—Appellant,**

v.

**Derrel G. ADAMS, Warden, Respondent—Appellee.**

**No. 02–56644.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2004.*

Decided Jan. 12, 2005.

Jose Quintana, Corcoran, CA, for Petitioner–Appellant.

Lisa M. Bassis, Los Angeles, CA, Michelle A. Des Jardins, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

AMENDED MEMORANDUM **

Quintana appeals from the denial of his habeas corpus petition. Although the district court denied him a certificate of appealability, and his request for one cited only a violation of California Penal Code section 2932, we issued a certificate of appealability as to the issue whether: "the notice of charges provided to appellant satisfies the requirements of due process." Having reviewed the record, we dismiss the appeal because we decline to assert

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

jurisdiction, as Quintana has failed to exhaust his remedies. *See Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *Aiken v. Spalding,* 841 F.2d 881 (9th Cir.1988).

*Baldwin v. Reese,* 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004), controls. *Baldwin* holds that to exhaust available state remedies a habeas corpus petitioner must "fairly present his claim in each appropriate state court . . . including a state supreme court with powers of discretionary review." *Id.* Quintana's petition to the California Supreme Court alleged only violations of California Penal Code section 2932 and raised no federal due process claim. Nor does this present the situation we, as well as the Supreme Court, have left unresolved in which a state claim is coextensive with a federal due process claim, because California Penal Code section 2932 provides for more procedural rights than are protected under the Due Process Clause. Thus, Quintana's federal claim is not exhausted, and is not properly before us.

DISMISSED.