■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERTON BROWN, Appellant. [653 NYS2d 339] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered July 14, 1994, convicting defendant, after a jury trial, of three counts of attempted murder in the first degree and one count of criminal possession of a weapon in the second degree and of resisting arrest, and sentencing him to three consecutive prison terms of 20 years to life to run concurrently with concurrent prison terms of $7^1/2$ to 15 years and 1 year, unanimously affirmed.

We find no merit to defendant's argument that the Trial Justice was required to recuse himself or grant a mistrial as a result of criminal charges brought against the Justice in the midst of defendant's trial. In the first place, defendant clearly and expressly waived each of these remedies, and his subsequent, ambiguous pro se application did not constitute a retraction of these waivers. Moreover, on the totality of the record, we find that the Justice did not become "interested" in the case within the meaning of Judiciary Law § 14 and was not otherwise required to recuse himself.

Defendant's claim that the court did not conduct a sufficiently probing inquiry of the jurors to determine whether adverse publicity about the Judge would affect their ability to discharge their duties is unpreserved for appellate review and we decline to review it in the interest of justice. In any event, were we to review this claim, we would find it to be without merit because the court's inquiry was adequate and defendant's claims rest on speculation.

The court properly discharged a hospitalized sworn juror over defendant's objection, given that he personally conferred with the juror by telephone and ascertained that her medical condition made it unreasonable to anticipate her continued service on the jury.

We perceive no abuse of sentencing discretion. The record fails to support defendant's contention that the court employed improper sentencing criteria. Concur—Sullivan, J. P., Rosenberger, Ellerin and Williams, JJ.