**Everton BROWN, Petitioner–Appellant,**

v.

**Daniel SENKOWSKI, Respondent–Appellee.**

**Docket No. 04–4145.**

United States Court of Appeals, Second Circuit.

Sept. 22, 2005.

Vida M. Alvy, Alvy & Jacobson, New York, NY, for Appellant.

T. Charles Won, Assistant District Attorney (Joseph N. Ferdenzi, Allen H. Saperstein, Assistant District Attorneys, Robert T. Johnson, District Attorney, Bronx County, on the brief), Bronx County District Attorney's Office, Bronx, NY, for Appellee, of counsel.

PRESENT: MESKILL, CABRANES Circuit Judges, and MUKASEY, District Judge.*

## SUMMARY ORDER

Petitioner-appellant Everton Brown appeals the order of the District Court, entered May 6, 2004, adopting the Report and Recommendation of Magistrate Judge Michael H. Dolinger and denying Brown's petition for a writ of *habeas corpus*. *See Brown v. Senkowski*, No. 98 Civ. 7560, 2004 WL 1043091 (S.D.N.Y. May 6, 2004). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

On July 14, 1994, petitioner was convicted after a jury trial in New York State Supreme Court, Bronx County, of three counts of attempted murder in the first degree, one count of criminal possession of a weapon in the second degree, and one count of resisting arrest. *People v. Brown*, 236 A.D.2d 254, 653 N.Y.S.2d 339, 340 (1st Dep't 1997). Petitioner argues on appeal that the District Court erroneously rejected his habeas claim that petitioner was denied his right to due process under the United States Constitution based on

---

* The Honorable Michael B. Mukasey, Chief Judge, United States District Court for the Southern District of New York, sitting by designation.

the failure of the presiding state trial judge, Justice Frank Diaz, to recuse himself after criminal charges were brought against the Justice in the middle of petitioner's criminal trial. The Magistrate Judge, in a Report and Recommendation concurred in by the District Court, denied petitioner's claim of a federal due process violation on the grounds that (1) petitioner had failed to exhaust his state remedies by presenting his claim of a federal constitutional violation to the New York Court of Appeals; (2) the state court denial of petitioner's challenge to the continued involvement of Justice Diaz in petitioner's criminal trial was based on an independent and adequate state ground; and (3) petitioner's claim of a federal constitutional violation failed on the merits because the state court judgment was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. For the following reasons, we affirm.

## I.

To be eligible for habeas relief, "a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (internal quotation marks omitted). In order to satisfy this requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review [such as the New York Court of Appeals]), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam)); *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir.2003) (noting that "[t]his exhaustion requirement is rooted in

considerations of comity, and is codified by statute").

▮ In this case, petitioner contends that he exhausted his state court remedies because he (1) referred, albeit "inartfully," to a federal constitutional claim in his application for leave to appeal to the New York Court of Appeals; and (2) asserted a federal constitutional claim in his briefs to the Appellate Division, which were included by reference in his application to the Court of Appeals. Both claims are without merit. First, any fair reading of petitioner's application for leave to appeal to the New York Court of Appeals indicates that petitioner's application rested exclusively on state law grounds, specifically that Justice Diaz's failure to recuse himself violated New York Judiciary Law § 14. In his application for leave to appeal, petitioner contrasted the actual basis of the Appellate Division's opinion, *see People v. Brown*, 236 A.D.2d 254, 653 N.Y.S.2d 339 (1st Dep't 1997), with a hypothetical scenario that "would have" established a federal claim:

> [T]he Appellate Division *did not* hold that the *particular* circumstances of the trial judge's arrest and acquisition of an interest in these proceedings did not implicate [New York Judiciary Law] § 14—because it could not, without reading § 14 in an inappropriately narrow way that *would have* left New York jurisprudence fundamentally at odds with *federal law and the requirements of constitutional due process*.... Instead, the Appellate Division ducked this issue—never before considered *in New York*—and fudged a result based on impermissible considerations.

J.A. at 126 (second emphasis in original). Even more telling than this passing, hypothetical reference to a federal constitutional claim, however, is footnote one of petitioner's leave application, which cate-

gorically disavowed any reliance on non-state law claims. *Id.* at 125 n. 1, 653 N.Y.S.2d 339 ("The Appellate Division also appears to have considered the trial judge's *general obligation* to recuse himself, *independent of Judiciary Law § 14,* and rejected any such obligation, but *we did not press that argument before the Appellate Division and do not do so here.*") (emphases added). In other words, not only did petitioner's application for leave to appeal fail to alert the New York Court of Appeals as to the federal constitutional nature of petitioner's recusal claim, *see Baldwin,* 541 U.S. at 29, 124 S.Ct. 1347, it unequivocally asserted that petitioner was *not* raising any claims "independent of Judiciary Law § 14." *Cf. Rosa v. McCray,* 396 F.3d 210, 218 (2d Cir.2005) (concluding that, unlike here, petitioner's "letter in support of his application for leave to appeal to the New York Court of Appeals claimed that his rights under the Fifth and Fourteenth Amendments of the Federal Constitution had been violated").

■ Moreover, even if we were to disregard petitioner's explicit focus on his state law claims before the New York Court of Appeals, petitioner's additional grounds for asserting exhaustion of state remedies are unavailing. The mere inclusion, for example, in petitioner's leave application of the briefs he submitted to the Appellate Division did not alert the Court of Appeals as to the federal nature of his claim, even if the inclusion of those briefs was mandated by state procedural rules. *See Baldwin,* 541 U.S. at 31–32, 124 S.Ct. 1347 (noting that "state appellate courts, particularly those with discretionary review powers .... have heavy workloads, which would be significantly increased if their judges had to read through lower court opinions or briefs in every instance"); *Jordan v. Lefevre,* 206 F.3d 196, 199 (2d Cir.2000) ("[A]ttaching an appellate brief without ex-

plicitly alerting the [New York Court of Appeals] to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction."); *see also* J.A. at 126 (asserting only that lower court briefs demonstrated "a clear violation of Judiciary Law § 14").

Likewise, petitioner has failed to demonstrate that "the legal standards for his federal and state claims were so similar that by presenting his state claim, he also presented his federal claim." *Jackson v. Edwards,* 404 F.3d 612, 621 (2d Cir.2005); *see Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) ("[M]ost questions concerning a judge's qualifications to hear a case are not constitutional ones, because the Due Process Clause of the Fourteenth Amendment establishes a constitutional floor, not a uniform standard. Instead, these questions are, in most cases, answered by common law, statute, or the professional standards of the bench and bar.") (citation omitted); *cf. Henry,* 513 U.S. at 366, 115 S.Ct. 887 ("[M]ere similarity of claims is insufficient to exhaust."). Accordingly, we conclude that petitioner did not exhaust his federal due process claim by invoking arguments for judicial recusal based in state law.

## II.

Where, as here, a petitioner's claims are unexhausted, the petitioner will be permitted to return to state court to exhaust his claims unless no state corrective procedure remains available. *See Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir.1991). In this case, because petitioner can no longer obtain state-court review of his federal constitutional claim on account of a procedural default, *see id.* (applying New York procedural rules), that claim is now to be deemed exhausted. *See Harris v. Reed,*

489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Grey*, 933 F.2d at 120–21. However, because of the procedural default, petitioner is not entitled to have his claims entertained in a federal habeas proceeding unless he can show "cause" for the default and actual "prejudice" resulting therefrom, *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or show that he is "actually innocent," *id.* at 496, 106 S.Ct. 2639; *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (internal quotation marks omitted). Because petitioner has failed to argue, much less demonstrate, that he meets any of these grounds, petitioner's claim is procedurally barred.

### III.

Because we find that petitioner's federal constitutional claim is procedurally barred, we need not consider whether the state court judgment rested on an independent and adequate state ground. However, even assuming petitioner was able to overcome the various procedural hurdles to his habeas claim and show a violation of his federal constitutional rights on the merits, we conclude that the state court judgment was not "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1); *see Johnson v. Carroll*, 369 F.3d 253, 260 (3d Cir.2004) ("Even a generalized reading of the [Supreme Court's] holding [in *In re Murchison*, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955) ], that a judge cannot adjudicate a case where he has an interest in the outcome, does not stand for the conclusion ... that a judge with an appearance of bias, without more, is required to recuse himself *sua sponte* under the Due Process Clause."); *Del Vecchio v. Ill. Dep't of Corr.*, 31 F.3d 1363, 1372 (7th Cir.1994) (en banc) ("When the Supreme Court talks about the 'appearance of justice,' it is not saying that bad appearances alone require disqualification; rather, it is saying that when a judge is faced with circumstances that present 'some [actual] incentive to find one way or the other' or 'a real possibility of bias,' a court need not examine whether the judge actually was biased.") (alteration in original) (citations omitted).

In addition, petitioner has failed to demonstrate that the state court judgment—specifically, the factual findings that petitioner "clearly and expressly waived" the trial judge's offer to recuse himself or grant a mistrial, and that petitioner's "subsequent, ambiguous *pro se* application did not constitute a retraction of these waivers," *People v. Brown*, 236 A.D.2d 254, 653 N.Y.S.2d 339, 340 (1st Dep't 1997)—was based on an unreasonable determination of the facts in light of the evidence developed in the state court proceedings. *See* 28 U.S.C. § 2254(d)(2); *Overton v. Newton*, 295 F.3d 270, 275 (2d Cir.2002) ("A state court determination of a factual issue is ... presumed to be correct, and is unreasonable only where the petitioner meets the burden of rebutting the presumption of correctness by clear and convincing evidence.") (citation omitted) (internal quotation marks omitted).

\*     \*     \*     \*     \*     \*

We have considered all of petitioner's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.