Jose QUINTANA, Petitioner—Appellant,

v.

Derrel G. ADAMS, Warden, Respondent—Appellee.

No. 02–56644.

D.C. No. CV–01–08930–HLH.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2004.*

Decided Dec. 3, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Quintana appeals from the denial of his habeas corpus petition. Although the district court denied him a certificate of appealability, and his request for one cited only a violation of California Penal Code section 2932, we issued a certificate of appealability as to the issue whether: "the notice of charges provided to appellant satisfies the requirements of due process." Having reviewed the record, we dismiss the appeal for lack of jurisdiction because Quintana failed to exhaust the federal due process claim before the California Supreme Court.

*Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004), controls. *Baldwin* holds that to exhaust available state remedies a habeus corpus petitioner must "fairly present his claim in each appropriate state court . . . including a state supreme court with powers of discretionary review." *Id.* Quintana's petition to the California Supreme Court alleged only violations of California Penal Code section 2932 and raised no federal due process claim. Nor does this present the situation we, as well as the Supreme Court, have left unresolved in which a state claim is coextensive with a federal due process claim, because California Penal Code section 2932 provides for more procedural rights than are protected under the Due Process Clause. Thus, Quintana's federal claim is not exhausted, and is not properly before us.

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.