**Steven H. VORCE, Petitioner—Appellant,**

v.

**Dave COOK, Director ODOC, Respondent—Appellee.**

No. 04–35117.

D.C. No. CV–01–01469–HU.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Decided Jan. 12, 2005.

Steven T. Wax, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant

Carolyn Alexander, Esq., AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before T.G. NELSON, RAWLINSON, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

Steven H. Vorce appeals the denial of his petition for a writ of habeas corpus.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm. Because the parties are familiar with the facts, we do not recount them here.

On the evidence presented, a rational jury could find that Vorce was predisposed to commit the crimes with which he was charged.[1] The letters Vorce wrote in the early part of his correspondence with the Government agent expressed his sexual interest in children without inducement, and thus supported a finding of predisposition.[2]

Vorce's jury instruction claim is procedurally barred because he did not fairly present a federal basis for his claim before the state courts.[3] The federal cases Vorce cited in his state court briefs did not discuss a due process violation based on erroneous jury instructions.[4] As Vorce conceded at oral argument, an independent and adequate state procedural rule[5] precludes him from now raising his procedurally defaulted claim in state court.[6]

AFFIRMED.

---

1. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We need not discuss the procedural bar issue here because Vorce's insufficiency of the evidence claim is "clearly not meritorious despite an asserted procedural bar." *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).

2. *See Jacobson v. United States*, 503 U.S. 540, 550, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992) (stating that prompt availment of a criminal opportunity can show predisposition); *United States v. Poehlman*, 217 F.3d 692, 704 (9th Cir.2000) (stating that a defendant's first few exchanges with a government agent would be the most indicative of predisposition).

3. *Baldwin v. Reese*, 541 U.S. 27, ——, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).

4. *Baldwin*, 124 S.Ct. at 1351.

5. Or.Rev.Stat. § 138.550(2).

6. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Noltie v. Peterson*, 9 F.3d 802, 804–05 (9th Cir.1993).

