Leon Eugene MILLER, Petitioner–
Appellee,

v.

Gary FLEMING, Monroe Correctional
Complex Superintendent,
Respondent–Appellant.

Leon Eugene Miller, Petitioner–
Appellant,

v.

Gary Fleming, Monroe Correctional
Complex Superintendent,
Respondent–Appellee.

Nos. 06–35244, 06–35375.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed March 19, 2007.

Richard A. Linn, Esq., Linn–Barnes Law Offices, Nancy D. Tenney, Esq., Corey Endo, Esq., FPDWA–Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Leon Eugene Miller.

Donna H. Mullen, Esq., AGWA–Office of the Washington Attorney General, Olympia, WA, for Gary Fleming, Monroe Correctional Complex Superintendent.

Before: O'SCANNLAIN and BERZON, Circuit Judges, and HADDON *, District Judge.

### MEMORANDUM **

Leon Eugene Miller filed a federal petition for writ of habeas corpus, alleging that the state trial court's decision to admit hearsay statements made by his seven-year-old victim violated his rights under the Sixth Amendment's Confrontation Clause. The district court granted the petition, holding that admission of a hearsay statement made by the victim to a police officer violated Miller's Confrontation Clause rights, as those rights are defined in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and that such error was not harmless. The state appealed, and Miller cross-appealed the district court's conclusion that his Confrontation Clause rights were not violated by the admission of hearsay statements made by the victim to a nurse and doctor. While the appeal was pending, the Supreme Court decided that *Crawford* does not apply to cases no longer on direct review. *See Whorton v. Bockting,* —— U.S. ——, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007).

We hold that Miller properly exhausted his Confrontation Clause claim before the state courts. Because of *Whorton,* we vacate the order granting his petition and remand the matter to the district court so that it may re-examine whether Miller's Confrontation Clause rights were violated by the admission of hearsay statements.

■ **1.** Miller properly exhausted his Confrontation Clause claim as it relates to the admission of statements that his victim made to the police officer, nurse, and doctor by "fairly presenting" it both to the Washington Court of Appeals and the Washington Supreme Court. *See Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (explaining that to properly exhaust, a petitioner must " 'fairly present' his claim *in each appropriate state court* including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of his claim" (quoting *Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (emphasis added)).

In his brief to the Washington Court of Appeals, Miller asked the court to consider whether "hearsay statements about child abuse, first made by a child in response to suggestive and closed-ended questioning by a police officer, [are] barred by the reliability requirement of the Confrontation Clause of the Sixth Amendment." As framed, the scope of the question clearly encompassed *all* of the victim's hearsay statements, not just the statement "first made" to the police officer. Moreover, by including the phrase "the Confrontation Clause of the Sixth Amendment" in his question, Miller successfully drew the state appellate court's attention to the federal nature of his claim. *See Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir.2000), *as amended by* 247 F.3d 904 (9th Cir.2001).

The Washington Court of Appeals held that the trial court erred when it relied on two state-law hearsay exceptions to admit the statement the victim made to the police officer, but found the error harmless.

---

* The Honorable Sam E. Haddon, District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The petition to the Washington Supreme Court, consequently, did not address whether the statement to the officer should have been excluded, as the state appellate court had already determined that it should have been. Instead, the petition began with an "issue presented for review" that squarely focused on Miller's Confrontation Clause claim as it pertained to statements made by his victim to the nurse and doctor, and the body of the petition principally discussed those statements.[1] In the last paragraph of the petition, however, Miller referred to the admission of the victim's statement through the police officer's testimony in discussing harmless error and went on to describe *all* the hearsay statements—not just those admitted through the nurse and doctor—as "constitutionally impermissible." In light of the previous ruling of the state Court of Appeals finding error in the admission of the statement to the officer, this paragraph—focusing on the only open issue as to the statement to the officer, harmless error—was sufficient to constitute proper exhaustion of Miller's Confrontation Clause claim as it pertains to that statement.

We conclude that Miller properly exhausted his Confrontation Clause claim with regard to all three hearsay statements.

2. Although Miller properly exhausted his constitutional claim, we do not consider the merits of his Confrontation Clause claim at this time. Instead, we remand the matter to the district court.

■ The district court originally granted Miller's petition by relying on *Crawford*, which at the time applied retroactively in this circuit to cases on collateral review. *See Bockting v. Bayer*, 399 F.3d 1010, 1021 (9th Cir.2005), *overruled by Whorton*, 127 S.Ct. at 1173. In his briefs in this court, Miller argued that even without *Crawford*, his Confrontation Clause claim would still succeed if judged under the standard set forth in *Crawford's* predecessor, *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The state did not address the application of the *Roberts* standard in its briefs to this court.

Miller has not forfeited the right to rely on *Roberts*. Miller's original habeas petition was broad enough to encompass a *Roberts*-based Confrontation Clause claim, as was the certificate of appealability. Given the change in the law since the district court's decision, it is appropriate to remand this case for a decision under the properly applicable standard. On remand, the district court must re-evaluate, post-*Whorton*, whether Miller's Confrontation Clause rights were violated by the admission of statements made by his victim to the police officer, nurse, and doctor, and whether any such error was harmless.

During argument, the state contended that post-*Whorton*, Miller still must first prove that the admitted hearsay statements were "testimonial," within the meaning of *Crawford*, 541 U.S. at 51–52, 124 S.Ct. 1354 before any court could consider whether the admission of those statements violated Miller's Confrontation Clause rights as those rights are defined in *Roberts*. Because the parties have never

---

1. Specifically, Miller presented the following question:

    When there is neither evidence in the record nor any finding by the trial court that the declarant was competent at the time the statements were made, does the admission into evidence at a criminal trial of the hear-say declarations of a six-year-old [sic] child, under the exception for statements for purposes of medical diagnosis or treatment, comport with the reliability requirement of the Sixth Amendment Confrontation Clause?

briefed this issue, we do not decide what legal standard the district court should employ when assessing the merits of Miller's Confrontation Clause claim post-*Whorton.*

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.