**Ceasar A. RAMIREZ, Petitioner–Appellant,**

v.

**ATTORNEY GENERAL OF the STATE OF NEW YORK, Louis F. Mann, Superintendent of Shawangunk Correctional Facility, Respondents–Appellees.**

No. 04–6050–pr.

United States Court of Appeals, Second Circuit.

March 30, 2007.

Sally Wasserman, New York, New York, for Appellant.

John J. Sergi, Assistant District Attorney (Joseph M. Latino, Assistant District Attorney, Anthony J. Servino, Second Deputy District Attorney, on the brief), for Janet DiFiore, District Attorney of Westchester County, White Plains, New York, for Appellees.

Present: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioner-appellant Ceasar Ramirez appeals from the October 26, 2004 judgment and November 5, 2004 amended judgment of the United States District Court of the Southern District of New York (McMahon, J.) dismissing his petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

Ramirez claims that the district court erred in dismissing his claim that he received constitutionally ineffective assistance of counsel when his defense attorney failed to withdraw in order to testify as a witness about the alleged extortionate threats made by Ramirez's daughter (the "advocate-witness claim"). The district court found that Ramirez had not "fairly presented" that claim to the New York Court of Appeals, *see Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), and that he had made no showing of cause and prejudice for the failure to do so, *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

"In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and legal premises of the claim he asserts in federal court." *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982); *see also Baldwin v. Reese,* 541 U.S. 27, 33, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Ramirez argues that three aspects of his letter application for leave to appeal to the New York Court of Appeals fairly presented the advocate-witness claim to that court: (1) a citation to page 50 of his attached Appellate Division brief, where the advocate-witness claim was discussed; (2) a description of his daughter as hostile, biased, and dishonest; and (3) a citation to pages 8–10 of the Appellate Division brief, where some of the predicate facts to the advocate-witness claim were presented. Contrary to his contention, these references were not sufficient to fairly present the advocate-witness claim to the New York Court of Appeals.

The description of Ramirez's daughter and the citation to pages 8–10 appeared in a portion of the letter responding to the prosecution's argument that Ramirez suffered no prejudice from his allegedly ineffective assistance of counsel because of the overwhelming evidence of guilt against him. We therefore agree with the district court that it is inappropriate to construe them as having presented the advocate-witness issue as a separate claim.

With respect to the citation to page 50, we also agree with the district court that in the context of this case, the citation to a page of an attached brief, without more, did not sufficiently alert the state court of

the factual and legal basis of Ramirez's advocate-witness claim. In *Ramirez v. Attorney Gen. of N.Y.,* 280 F.3d 87 (2d Cir. 2001) ("*Ramirez I*"),[1] we considered whether Ramirez had fairly presented to the New York Court of Appeals a federal ineffective assistance of counsel claim arising from his counsel's alleged failure to prepare for trial. We found that the "catalogue" of specific factual bases of that claim in the letter application and Ramirez's *pro se* reply brief, combined with various indicators that the ineffective assistance of counsel claim was federal, did fairly present—"although barely so"—the claim with respect to those particular alleged failures. *Id.* at 95–96. The advocate-witness claim, by contrast, was *not* among the catalogued failures, and in light of that omission, we cannot find that the bare citation to page 50 provided a sufficient factual basis for that claim. *See id.* at 96; *see also Baldwin,* 541 U.S. at 32, 124 S.Ct. 1347 (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so").[2]

Our conclusion is reinforced by the fact that page 50 of Ramirez's Appellate Division brief couched Ramirez's advocate-witness claim only as a violation of state disciplinary law, not federal constitutional law. Thus, the reference was also insufficient to put the Court on notice of the federal legal basis of Ramirez's claim. *See*

1. In *Ramirez I,* we affirmed in part and vacated in part the district court's dismissal of Ramirez's habeas claims, and remanded so that the district court could determine which of Ramirez's ineffective assistance of counsel claims were properly exhausted. 280 F.3d 87, 89–90, 96.

2. We need not reach appellees' argument that *Baldwin* "indirectly overruled" *Ramirez I,* because both cases—as well as other precedent that predated *Baldwin*—compel a dismissal of the petition.

*Baldwin,* 541 U.S. at 32, 124 S.Ct. 1347 (holding that face of petition must alert court to existence of *federal* claim); *Daye,* 696 F.2d at 192 ("[I]n state court the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature.").

For the foregoing reasons, we AFFIRM the judgment of the district court.