Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

California state prisoner John C. Montue appeals pro se from the district court's order dismissing his 28 U.S.C. § 2241 petition, in which he challenged the Board of Prison Terms' 1997 decision finding him ineligible for parole. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**Deangelo Leroy TURNER, Petitioner–Appellant,**

v.

**Guy HALL, Defendant–Appellee.**

**No. 07–35500.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed May 22, 2008.

508

Marc P. Friedman, Eugene, OR, for Petitioner–Appellant.

Lynn David Larsen, Esq., Douglas Park, Esq., AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendant–Appellee.

Before: TALLMAN and CLIFTON, Circuit Judges, and KORMAN,* District Judge.

MEMORANDUM **

Deangelo Turner appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We affirm in part, and dismiss in part.

■ The district court did not abuse its discretion by refusing to hold an evidentiary hearing. Turner argues that he is entitled to an evidentiary hearing to develop additional information to support his claim that the trial court erroneously denied his

* The Honorable Edward R. Korman, Senior District Judge, Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion to sever, and that he is actually innocent despite his conviction for intentional murder. Turner did not, however, establish what additional evidence he could develop, why that evidence "could not have been previously discovered through the exercise of due diligence," or how the additional evidence he wishes to develop would have likely affected the outcome of his trial. *See* 28 U.S.C. § 2254(e)(2)(A)(ii); *Williams v. Taylor,* 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Rich v. Calderon,* 187 F.3d 1064, 1067 (9th Cir. 1999) (noting that petitioners are not entitled to go on fishing expeditions in search of evidence that may or may not support their claims).

■ Turner's claim that the Oregon state court violated his Sixth and Fourteenth Amendment rights by failing to sever his trial from that of his co-defendant, Ronald Simmons, was procedurally defaulted. Turner asked the Oregon State Supreme Court to conclude that joinder was "clearly inappropriate" under Or.Rev. Stat. § 136.060. In so doing, Turner failed to exhaust his state remedies by giving the state courts a "fair opportunity" to act on his claims before seeking collateral review in the federal courts. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). He did not cite any provisions of the federal constitution, federal statutes, or any federal case law to alert the Oregon Supreme Court to the federal nature of his severance claim in his petition for review. *See Baldwin v. Reese,* 541 U.S. 27, 31–32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (rejecting petitioner's argument that a federal claim is fairly presented when an appellate judge can discover that claim only by reading lower court dispositions in the case).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

■ Turner cannot overcome this procedural default through the actual innocence gateway articulated in *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The evidence that he presented did not establish that it is more likely than not that no reasonable juror would convict him of intentional murder. *Schlup,* 513 U.S. at 329, 115 S.Ct. 851. Much of the "new" evidence did not exculpate him, but rather was consistent with the State's theory that both Turner and Simmons were involved in the murder. James Jackson's testimony that Simmons confessed while in custody that "he alone committed the murder" was unlikely to change the outcome of the verdict given the strong direct and circumstantial evidence of petitioner's guilt on the trial record.

**AFFIRMED IN PART, DISMISSED IN PART.**