[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13790

_____

D.C. Docket No. 05-00433-CV-F-E

ANTHONY BURDEN,

Petitioner-Appellant,

versus

RICHARD F. ALLEN, Director, Alabama Dept. of
Corrections,
TROY KING, The Attorney General of the State of
Alabama,
JAMES DELOACH, Warden,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 23, 2008)

Before BARKETT and WILSON, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

Alabama prisoner Anthony Burden appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition for procedural default. On direct appeal of his state-court conviction and sentence, Burden asserted that a juror's failure to disclose a personal relationship with the victim's family deprived him of his state and federal constitutional right to a fair trial. The Alabama intermediate appellate court affirmed, and the Alabama Supreme Court summarily denied Burden's petition for a writ of certiorari.

Burden then filed his federal habeas petition, which the district court denied, finding that he failed to fully exhaust his claim in the Alabama courts. Although Burden presented a federal claim to the intermediate appellate court, the district court found that Burden failed to raise a federal claim in his certiorari petition to the Alabama Supreme Court. Burden disagrees, arguing that (1) his juror misconduct claim referenced federal law, and (2) his claim plainly impacts his fundamental Fifth Amendment right to a fair trial.

We review *de novo* the denial of a habeas corpus petition. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005) (citation omitted). We review the district court's factual findings for clear error but mixed questions of law and fact

---

[*] Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

*de novo*. *Id.*

The requirement that a federal habeas corpus petitioner exhaust available state court remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court, alerting that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner must "do more than scatter some makeshift needles in the haystack of the state court record"; a reasonable reader should be able to understand the factual and legal bases for the claim. *McNair*, 416 F.3d at 1302-03 (quotations and citations omitted). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

We agree that no federal claim exists within the four corners of Burden's petition for certiorari to the Alabama Supreme Court. Burden was required to cite specific federal constitutional or statutory provisions in his petition (or in his submissions in support thereof), and the high court was not required to look outside Burden's petition, such as to a lower court opinion or brief, to find the presence of a federal claim. *Id.* at 31. Having thoroughly reviewed the record, we conclude that nothing in Burden's petition or brief was sufficient to alert the

3

Alabama Supreme Court to the federal nature of Burden's claim. Any passing reference to federal law was merely a "needle in a haystack."

**AFFIRMED**.