MEMORANDUM **
Steven Paul Kozol (“Kozol”) was convicted in a Washington state court of attempted first degree murder and burglary while armed with a deadly weapon. He challenged his state conviction in a habeas petition in the Western District of Washington. The district court denied the petition and Kozol filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we affirm.[1]
Kozol’s challenge to his state court conviction is subject to the Antiterrorism and Effective Death Penalty Act of 1996, which requires that in order to be granted relief, Kozol must show either that the state *709 court’s decision “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” or “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386, 403-04, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).
First, Kozol alleges that the State’s knowing reliance on Detective Gul-la’s alleged false testimony at the pretrial suppression hearing violated Kozol’s due process rights.[2] To succeed on a false evidence claim, petitioner must show the prosecutor knowingly used false evidence and that there is a reasonable hkelihood that the false evidence affected the jury’s verdict. See United States v. Rewald, 889 F.2d 836, 860 (9th Cir.1989). Assuming, without deciding, that Detective Gulla’s testimony was false that the materials for constructing a homemade silencer were found in “close proximity” to each other, there is no “reasonable likelihood” that such false testimony affected the jury’s verdict because overwhelming evidence remained to support Kozol’s conviction. Moreover, Kozol has not offered any authorities to show that the state courts applied an incorrect legal standard or failed to consider all the factual evidence. The district court properly concluded that Ko-zol failed to show that the state courts’ treatment of Detective Gulla’s testimony was an unreasonable determination of the facts or contrary to established constitutional law. 28 U.S.C. § 2254(d); Williams, 529 U.S. at 407-09, 120 S.Ct. 1495.
Second, Kozol argues he was denied effective assistance of counsel because his counsel failed to challenge Detective Gulla’s testimony and should have sought exculpatory evidence concerning another suspect. To succeed on an ineffective assistance of counsel claim, a petitioner must show: (1) that counsel’s performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for counsel’s error, the results of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming that Kozol’s counsel should have more assertively challenged Detective Gulla’s testimony, and more fully investigated another suspect’s involvement in the crime, the state courts reasonably concluded that these failures were not prejudicial. The evidence referred to by Detective Gulla was admissible even if the materials were not found in “close proximity,” and the other suspect had a solid alibi for the night of the crime. Kozol has not shown that but for counsel’s errors, the results of his proceeding would have been different. See Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
Third, Kozol argues the State’s failure to disclose Detective Gulla’s past professional misconduct and the prosecutor’s report violated Kozol’s due process rights. Kozol obtained the prosecutor’s report in either December 2004, or February 2005, and read of Detective Gulla’s past professional misconduct in a newspaper in December 2005. Although Kozol did not learn of this information until well after his direct appeal concluded, he still *710 could have presented his claim of exculpatory evidence to the Washington Court of Appeals for collateral review under Washington’s time-limit exception for “[njewly discovered evidence.” ROW 10.78.100(1). He did not do so, and accordingly procedural default bars his argument. RCW 10.78.090; see Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (a petitioner must exhaust state remedies before seeking a federal writ of habeas corpus).[3] Moreover, Kozol has not met his burden of showing that the alleged suppression of the evidence caused him actual prejudice. See Smith v. Murray, 477 U.S. 527, 537-38, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). The alleged issues that Kozol extracts from the prosecutor’s report are overwhelmed by the evidence connecting Kozol with the crimes for which he was convicted.
Finally, Kozol’s argument concerning the effect of cumulative constitutional errors fails because he has failed to meet his burden of showing particular constitutional errors.
Accordingly, we AFFIRM the district court’s denial of relief.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessaiy to explain our disposition.

. Although the Certificate of Appealability authorized Kozol to appeal seven claims, we consider only the four issues that he briefed on appeal. See Koerner v. Grigas, 328 F.3d 1039, 1048 (9th Cir.2003) (citation omitted) (The court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant’s opening brief.”).

. Kozol has not made the type of showing of actual innocence that might allow for habeas relief despite a failure to exhaust state remedies. See Murray v. Carrier, 477 U.S. 478, 495-96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).