**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDY BROOKS,

                Petitioner - Appellant,

   v.

MIKE POULOS,

                Respondent - Appellee.

No. 07-56452

D.C. No. CV-05-01038-FMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted March 5, 2010[*]
Pasadena, California

Before: GOULD, IKUTA and N.R. SMITH, Circuit Judges.

   Sandy Brooks appeals the district court's denial of his habeas petition. On

appeal, Brooks argues that the California Department of Corrections and

Rehabilitation's ("CDCR") calculation of his earliest possible release date

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("EPRD") violated both his federal due process rights and the federal Ex Post Facto clause.

As to his due process claim, Brooks argued to the California state courts that his liberty interests were violated because the CDCR did not properly calculate his EPRD. We deny Brooks's habeas petition on this ground, because the determination of a formula for calculating the restoration of good time credits is an unreviewable issue of state law, and the state court's finding that the calculation of good time credits was correct was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, this record does not demonstrate, and Brooks's counsel presented no evidence, that Brooks ever presented a due process claim to the state courts based on any alleged lack of an appropriate hearing, such that the California courts were given an "'opportunity to pass upon and correct' [the] alleged violations of [Brooks's] federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). Brooks, therefore, failed to properly exhaust this claim under 28 U.S.C. § 2254(b)(1), and we deny Brooks's habeas petition on this ground.

As to his Ex Post Facto claim, Brooks did not make this argument to the lower court or any of the California state courts, and thus failed to properly exhaust it. We therefore deny Brooks's habeas petition on this ground as well.

**AFFIRMED.**