FILED

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANTHONY LOUIS PELLEGRINI, | No. 07-17028 |
| Petitioner - Appellant, | D.C. No. CV-05-00506-CKJ |
| v. | |
| IVAN BARTOS; TERRY GODDARD; BARBARA LAWALL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Anthony Louis Pellegrini appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Pellegrini contends the district court erred by concluding that he failed to exhaust a claim that counsel was ineffective for failing to adequately investigate, prepare, and cross-examine an important state witness. Our review of the record indicates the district court correctly concluded that Pellegrini did not exhaust this claim, and that it is now procedurally defaulted. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *see also Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002). Pellegrini has failed to establish cause and prejudice to excuse the default, or that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Franklin*, 290 F.3d at 1231.

Pellegrini raises additional uncertified claims of ineffective assistance of counsel, which we construe as a motion to expand the certificate of appealability. So construed, the motion is denied because he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**

07-17028