FILED

AUG 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACK L. EARL, Jr.,

               Petitioner - Appellant,

    v.

CRAIG TURNBULL,

               Defendant - Appellee.

No. 08-35684

D.C. No. 3:02-cv-00224-HRH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Submitted July 27, 2010[**]
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

    Jack Earl appeals the district court's denial of his petition for a writ of

habeas corpus under 28 U.S.C. § 2254. A jury convicted Earl of first degree

murder for killing his roommate in 1993. Earl contends the state court should have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

suppressed his confession to the murder because he was not read the list of rights provided in *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). He also argues police violated his due process rights by coercing him into an involuntary confession. Earl additionally alleges that he was prejudiced by courtroom security placement during trial, and that he exhausted in state court a claim that he was denied a fair trial on the basis of one witnesses' testimony.

The state court's determination that Earl was not in custody must be upheld under the standards we are to apply in reviewing state court in-custody decisions. *See Yarborough v. Alvarado*, 541 U.S. 652, 664-65 (2004). Police told Earl on several occasions that he was free to leave, that he was not under arrest, and that he did not have to answer any questions. Police also offered to drive Earl anyplace in town but he refused. Although there were some indicators that Earl was in custody, the state court's determination that he was not was a reasonable one. *See id.*

The state court also reasonably determined that Earl provided his confession voluntarily. *See Dickerson v. United States*, 530 U.S. 428, 433-34 (2000). At the time of the interrogation, Earl was 36 years old and had prior experience with law enforcement. *See Withrow v. Williams*, 507 U.S. 680, 693 (1993); *Doody v. Schriro*, 596 F.3d 620, 638-40 (9th Cir. 2010) (en banc). Earl was also told he did

2

not have to answer any questions yet he continued to do so. There is no indication that police used coercive tactics to overbear Earl's will.

The placement of an additional courtroom security officer by the jury door during the testimony of Earl and two of his witnesses did not deprive Earl of a fair trial. *See Holbrook v. Flynn*, 475 U.S. 560, 569-72 (1986). There is no indication the additional guard did anything to call undue attention to himself. Earl provided no evidence the jury was even aware of the extra officer, or that it inferred the extra guard meant that Earl and his witnesses were incarcerated.

Earl's claim that he was prejudiced by the testimony of Cyril Reape is unexhausted because he did not fairly present the claim to the Alaska Supreme Court. *See Peterson v. Lampert*, 319 F.3d 1153, 1155-57 (9th Cir. 2003) (en banc). Earl's first petition to the state court did not discuss this claim. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004). When the district court stayed the federal proceedings to allow Earl another chance at exhaustion, he again failed to present the claim because he sought only an advisory opinion from the Alaska court.

**AFFIRMED**.