**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN D. PATTON,

              Petitioner - Appellant,

     v.

D. MILLS,

              Respondent - Appellee.

No. 11-36023

D.C. No. 3:09-cv-01051-HU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 4, 2013
Portland, Oregon

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

     Steven D. Patton appeals the district court's denial of a writ of habeas corpus

for failure to exhaust his federal constitutional claim as required by the

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(b)(1)(A).

We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Patton pleaded guilty to one count of attempted unlawful sexual penetration, two counts of first-degree sexual abuse, one count of third-degree sexual abuse, and one count of third-degree attempted rape in Washington County, and the plea agreement provided that he would not face charges in Clackamas County arising out of a different sexual assault. However, Patton was indicted in Clackamas County as well, and pleaded guilty to one count of third-degree rape. He filed a petition for post-conviction relief in the Oregon state courts, alleging, *inter alia*, that his Washington County attorney provided ineffective assistance of counsel by allowing him to sign a plea agreement with an unenforceable global settlement provision. During state post-conviction hearings, however, Patton's post-conviction attorney waived the ineffective assistance of counsel claim, stating, "[Patton's] attorney, at the time, in Washington County appears to have been doing everything right." He argued instead that the violation of petitioner's rights was caused by the district attorneys' failure to carry out the terms of the plea agreement. The state post-conviction court granted Patton's petition and vacated his Clackamas County conviction.

Patton eventually filed a federal habeas petition, claiming that he received ineffective assistance of trial counsel and should have been allowed to withdraw his guilty pleas in both Washington and Clackamas County. To exhaust federal

constitutional claims, petitioners must fairly present the claims in "each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). By waiving his ineffective assistance of counsel argument during the state post-conviction hearing, Patton failed to fairly present the claim to the state courts. In addition, the state post-conviction court's remedy gave Patton exactly what he bargained for in the Washington County plea agreement. Thus, he has suffered no prejudice and he is not entitled to further relief. The district court's denial of his habeas petition for failure to exhaust his ineffective assistance of counsel claim is therefore **AFFIRMED**.