**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CHARLES JAMES KARNES, | No. 12-35163 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00238-PK |
| v. | |
| JEFF PREMO, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted March 7, 2013
Portland, Oregon

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

Charles James Karnes appeals the district court's denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254. The district court rejected Karnes's

claims for relief, but granted a certificate of appealability as to (1) whether Karnes

is entitled to habeas relief on his claim of ineffective assistance of trial counsel,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and (2) whether Karnes procedurally defaulted his claims that he was denied the right to counsel of his choice and the due process right to be present at a status conference where the trial court refused to delay his trial so that Karnes's counsel of choice could represent him. We have jurisdiction under 28 U.S.C. § 1291 and § 2253(a), and we affirm.

**1.** Karnes's ineffective assistance of counsel claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under the Antiterrorism and Effective Death Penalty Act of 1996, we cannot grant habeas relief for claims adjudicated on the merits in state court unless the last reasoned state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Oregon state post-conviction relief court's rejection of Karnes's ineffective assistance of counsel claim was not unreasonable because Karnes failed to show that he was prejudiced by the alleged errors of his trial counsel. Even if his trial counsel had moved for a continuance and requested that Karnes be present at the status conference, there is not a reasonable probability that the trial court would have agreed to postpone the trial. *See Strickland*, 466 U.S. at 694. The trial court understood that Karnes's

counsel of choice would represent him only if a continuance was granted, but the trial court nonetheless refused to postpone the trial and further stated that he did not think that hearing from Karnes would impact his decision.

**2.** A writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

Karnes did not raise his claim arising from the Sixth Amendment right to counsel of choice to the Oregon Court of Appeals on direct appeal. A habeas petitioner must fairly present his federal claims "in each appropriate state court" in order to satisfy AEDPA's exhaustion requirement, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), so this claim is procedurally defaulted.

A habeas petitioner who has procedurally defaulted his claim may obtain federal habeas review only if he demonstrates cause and prejudice for the default or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Karnes has failed to do so, so his procedurally defaulted claim is barred from federal review.

Even if this claim of trial error were not procedurally defaulted, Karnes would not be entitled to habeas relief. Karnes's claim arising from the Sixth Amendment right to counsel of one's choice fails on the merits. The trial court's

3

refusal to postpone the trial was within the court's "wide latitude" in balancing the right to counsel of choice against the needs of fairness and scheduling. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006). It is undisputed that private counsel Ahmed would not agree to represent Karnes unless a continuance of the trial were granted, a continuance the trial court clearly stated it would not countenance.

As for his Fourteenth Amendment claim, even if the trial court violated Karnes's due process rights by failing to require his presence at the status conference, Karnes cannot establish that he was prejudiced by his absence. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

**AFFIRMED.**