HAMILTON, Circuit Judge,
concurring in the judgment.
I agree we should affirm the judgment dismissing Schmidt’s petition for a writ of habeas corpus. I reach that conclusion by a different route addressing the procedural and substantive requirements for federal habeas corpus relief.
Schmidt’s core constitutional claim is that he was denied a fair trial when the state’s witnesses were allowed to read from Schmidt’s own graphic accounts of his prior violent sex crimes against women. Schmidt had provided those accounts in the course of his treatment programs in state prison. He argues that reading the detailed, graphic, and emotionally powerful accounts to the jury denied him a fair trial because the evidence had so little probative value and was unfairly prejudicial to him. See generally Payne v. Tennessee, 501 U.S. 808, 825, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991) (allowing victim impact evidence in penalty phase of capital case); Darden v. Wainwright, 477 U.S. 168, 179-83, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (closing argument in capital case did not deny due process of law).
The district court dismissed Schmidt’s petition based on procedural default, finding that he had not fairly presented his federal constitutional claim to the state courts. His counsel did not object at trial to this evidence. In his state court appeal, his counsel argued under state law that the trial was unfair and that a new trial would be in the interests of justice.
The question I believe we must first address is whether that argument “fairly presented” Schmidt’s federal claim to the state courts under the rules of law that *1143 apply to federal habeas corpus petitions. See 28 U.S.C. § 2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004); Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).
As we have explained in several cases, including Ellsworth v. Levenhagen, 248 F.3d 634, 639 (7th Cir. 2001), presenting a state-law claim can sometimes suffice to present a parallel federal claim. Whether a particular presentation was sufficient depends on four factors: whether the petitioner (a) relied on federal cases that engaged in constitutional analysis; (b) relied on state cases that apply a constitutional analysis to similar facts; (c) framed the claim in terms so particular as to call to mind a specific constitutional right; and (d) alleged a pattern of facts that is well within the mainstream of constitutional litigation. The presence of any one of these factors, especially (a) and (b), is not necessarily enough to avoid default. Instead, the court must try to make a practical, case-specific judgment about whether the state court had a fair opportunity to consider the federal-law claim. Kurzawa v. Jordan, 146 F.3d 435, 441-42 (7th Cir. 1998); see also Ellsworth, 248 F.3d at 639 (three factors showed fair presentment of federal-law issue).
The last two of the four factors from Ellsworth apply to Schmidt’s argument that admission of the graphic details of his confessions denied him a fair trial. It should have called to mind the federal constitutional right to a fair trial, and his claim that he was unfairly prejudiced by admission of such graphic evidence with little probative value was the sort of factual account that fits comfortably within the mainstream of federal due process litigation.
The state court of appeals said that Schmidt argued that “such evidence had low probative value and was substantially outweighed by its prejudicial effect,” citing Wisconsin’s counterpart to Federal Rule of Evidence 403, Wis. Stat. § 904.03. The state court also declined to address the case, as the state had argued it should, in terms of whether Schmidt’s trial lawyer failed to provide effective assistance of counsel under the Sixth Amendment by failing to object to the evidence at trial. Instead, the state appellate court addressed the merits of Schmidt’s claim that the probative value of the evidence was substantially outweighed by its prejudicial effect. See Supp. App. 521 n.3.
It is not clear to me that our approach to fair presentment in the Ellsworth and Kurzawa line of cases would survive Supreme Court scrutiny under Baldwin v. Reese and Duncan v. Henry, for example, but I do not think we need to reach a firm conclusion on that issue, which is beyond the scope of the parties’ briefs. The state should prevail on the merits.
The state court applied to Schmidt’s case a standard more generous than would apply to the federal due process claim. In other words, he could not prevail on his federal due process claim without also satisfying the state-law standard for an unfair trial. The state appellate court considered and rejected the latter, implying rejection of the former.
Thus, even if Schmidt could overcome the fair-presentment problem and any other procedural obstacles, he would still not be entitled to federal habeas relief. On the merits, the state court’s rejection of that (implicit) federal claim was not “an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1). The standard that was applied in Payne and Darden requires a court to do the difficult job of weighing probative value against unfair prejudice *1144 from the evidence. Schmidt cannot show that the state appellate court’s affirmance of his commitment was an unreasonable application of that standard. As the majority opinion explains, the evidence of Schmidt’s own accounts of his past violent sexual assaults remained relevant in assessing the risk of future assaults and the conflicting evidence about the effectiveness of the treatment he had received in custody. Reasonable judges could find that powerful evidence was admissible, despite the risk that it would have unfair emotional impact.
Schmidt has argued for de novo review rather than the deferential review under § 2254(d)(1) because the state appellate court did not directly address the merits of the federal constitutional claim. The argument comes with a strong dose of irony, of course. Schmidt never raised the federal constitutional claim, at least explicitly, so it’s no surprise that the state court did not address it explicitly.
The argument is creative, but it would be strange to say that a petitioner can avoid deferential review of state court decisions under § 2254 by presenting his federal claims only implicitly (but well enough for “fair presentment” under the Ellsworth line of cases), and then arguing the state courts failed to decide the federal issue on the merits. That approach would undermine § 2254(d), which makes clear that federal habeas corpus relief is “not a substitute for ordinary error correction through appeal” but is instead a “guard against extreme malfunctions in the state criminal justice systems,” in cases where the state court’s error is “beyond any possibility of fairminded disagreement.” Harrington v. Richter, 562 U.S. 86, 102-03, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).
I would apply the Richter standard to say the state court’s implicit rejection of the implicit federal constitutional claim was on the merits here, within the meaning of § 2254(d)(1). Applying the deferential standard of § 2254(d)(1), the denial of relief to Schmidt did not involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, Schmidt is not entitled to federal habeas relief.