# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31067
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2016

Lyle W. Cayce
Clerk

EDDIE WILLIAMS,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1112

Before HIGGINBOTHAM, HAYNES and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eddie Williams, Louisiana prisoner # 303316, was convicted of the aggravated rape of a juvenile, and he was sentenced to life in prison. The district court denied his 28 U.S.C. § 2254 petition but granted a certificate of appealability on one issue: whether Williams was denied his right to confront his accuser when the trial court admitted DNA evidence based on the testimony of a supervisor at the laboratory that performed the DNA testing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31067

We review the district court's factual findings for clear error and the legal conclusions de novo. *Hatten v. Quarterman*, 570 F.3d 595, 599-600 (5th Cir. 2009).

We agree with the Respondent that Williams has not exhausted his state remedies as required by § 2254(b) and (c) as to the stand-alone Confrontation Clause claim recognized by the district court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008). However, even if Williams had exhausted his state remedies for this claim, his claim fails on the merits. *See* § 2254(b)(2). Here, the supervisor of the DNA laboratory testified as an expert who had a personal connection to the scientific testing and actively reviewed the results of the forensic analyst's testing and signed off on the report. The supervisor thus was able to testify to the results without violating the confrontation rights of Williams. *Cf. Bullcoming v. New Mexico*, 564 U.S. 647, 652, 655 (2011).

Accordingly, the judgment of the district court is AFFIRMED. The Respondent's motion for leave to file a surreply brief is GRANTED.