FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| ANTHONY TAYLOR, | No. 09-16917 |
|---|---|
| Petitioner - Appellant, | |
| v. | No. 2:05-cv-0860 JAM-GGH |
| C. EVANS, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 1, 2010
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and MAHAN,** District Judge.

Appellant Taylor raises three issues in this appeal: (1) whether the California

Court of Appeal erroneously concluded that he was not deprived of due process of

law when he was sentenced under the state's "three strike" law based on a prior

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

serious felony conviction that he had not sustained; (2) whether the district court erroneously dismissed his ineffective assistance of counsel claim as unexhausted; and (3) whether the district court erroneously concluded that his juror misconduct claim was not entitled to equitable tolling.

Under the Antiterrorism and Effective Death Penalty Act of 1996, which governs this matter, the reviewing court "must deny [the] petition unless the state court's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented before the state courts." *Bible v. Ryan*, 571 F.3d 860, 869 (9th Cir. 2009) (citing 28 U.S.C. § 2254(d)).

The court of appeal did not unreasonably apply clearly established Supreme Court law (specifically, *United States v. Tucker*, 404 U.S. 1048 (1972) and *Townsend v. Burke*, 334 U.S. 736 (1948)) when it rejected petitioner's due process claim, because its conclusion that the sentencing court had not relied on the disputed conviction in sentencing the defendant is not an unreasonable determination of the facts in light of the evidence presented to it. 28 U.S.C. § 2254(d). This conclusion is supported by the sentencing court's statement that it

2

calculated Taylor's criminal history "regardless" of the disputed conviction, and that aside from the disputed conviction, Taylor had sustained three "strikes" or felony convictions.

Further, the district court did not err when it dismissed Taylor's ineffective assistance of counsel claim as unexhausted. Under *Sandgathe v. Maass*, 314 F.3d 371, 377 (9th Cir. 2002), the court need not decide *if* a claim was in fact brought if it appears that the state court actually considered and decided it. To satisfy the exhaustion requirement, Taylor must "fairly present" his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam); *Casey v. Moore*, 386 F.3d 896, 911 (9th Cir. 2004) (quoting *Baldwin*, 541 U.S. at 29).

Claims are "fairly presented" in an attachment to the petition when the petitioner submits *"extensive argument in support of all [such] claims as well as citations to [supporting] authority and to relevant parts of the record."* *Insyxiengmay v. Morgan*, 403 F.3d 657, 669 (9th Cir. 2005).

Taylor did not present an argument in support of his ineffective assistance claim nor did he cite to requisite authority as required by *Insyxiengmay*. *Id.* Rather, he simply attached a memorandum of the Sacramento County Superior Court to his petition, which memorandum mentioned the claim.

3

Finally, the district court did not err when it concluded that Taylor was not entitled to equitable tolling. Under *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), a petitioner is entitled to equitable tolling if there are "extraordinary circumstances" that render the actions of counsel egregious, and not simply negligent. *Id.* at 801. In that case, the failure of Spitsyn's counsel to communicate with, perform essential services for, and conduct basic research to aid his client warranted equitable tolling. *Id.* at 800–02. Here, Taylor's counsel had ample communication with him, yet simply missed the deadline to file the petition.

*Holland v. Florida,* 130 S. Ct. 2549 (2010), held that petitioner Holland was entitled to equitable tolling due to his counsel's failure to respond to letters from him, to do any necessary research, to communicate with him over a period of years, and ultimate neglect to inform him that the Supreme Court had decided his case. The court distinguished *Holland* from cases such as the present case, by stating that "a 'garden variety claim of excusable neglect,' such as simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* (internal citations omitted).

Taylor's counsel merely missed the deadline to file the petition. His conduct did not rise to the level of egregious conduct, and his attempt take the blame for his actions does not convince this court otherwise.

4

**AFFIRMED.**