

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2008

# Walker v. Palakovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1844

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Walker v. Palakovich" (2008). *2008 Decisions.* Paper 1145.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1145

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1844

———————

GARY WALKER,

Appellant

v.

JOHN PALAKOVICH, SUPERINTENDANT;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, PA;
THE ATTORNEY GENERAL OF THE  STATE OF PENNSYLVANIA

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-00609)
District Judge:   Hon. Jan E. Dubois

———————

Argued on March 4, 2008

Before:   SCIRICA, Chief Judge, FISHER and ROTH, Circuit Judges

(Opinion filed May 23, 2008)

Daniel Silverman, Esquire (ARGUED)
Silverman & Associates
1429 Walnut Street, Suite 1001
Philadelphia, PA  19102

Counsel for Appellant


David C. Glebe, Esquire (ARGUED)
Assistant District Attorney
Thomas W. Dolgenos, Esquire
Chief, Federal Litigation
Ronald Eisenberg, Esquire
Deputy, Law Division
Arnold H. Gordon
First Assistant District Attorney
Lynne Abraham, Esquire
District Attorney
Three South Penn Square
Philadelphia, PA   19107-3499

Counsel for Appellees

---

O P I N I O N

---

**ROTH**, Circuit Judge:

Gary Walker appeals the order of the U.S. District Court for the Eastern District of Pennsylvania denying his petition for writ of habeas corpus.  The issue on appeal is whether Walker's constitutional rights were violated by certain statements made by the prosecutor during closing argument.  For the reasons set forth below, we will affirm the order of the District Court.

## I. Background and Procedural History

Because the facts are well known to the parties, we will discuss them only briefly here.

Following a jury trial in the Philadelphia Court of Common Pleas, Walker was convicted of first-degree murder and possession of an instrument of crime in connection with the shooting of William Hamlin on a Philadelphia street in December 1995. The evidence at trial indicated that Hamlin had been shot three times, in his back, hip, and knee; that over twenty shots had been fired in all; and that Walker himself had been shot in the leg.

An eyewitness to the incident, Lorenzo Andrews, testified that, on the day of the murder, he and Hamlin were both in a local barbershop when Walker came to the shop and called Hamlin outside. Andrews testified further that he also left the barbershop and stopped to talk with the driver of a parked car outside, at which point he heard a number of gunshots. Andrews said that he then turned around and saw Walker fire several shots at Hamlin at close range. He said that the parked car pulled away, and he heard more gunshots.

The owners of the barbershop, Reginald Hale and Mitchell Pearce, also testified at trial. While they had earlier identified Walker as the shooter, they recanted those statements at trial, saying that their identifications had been the result of police coercion. The prosecutor used their prior statements to the police to impeach their testimony.

During closing argument, the prosecutor made a number of statements that Walker

claims denied him due process. First, the prosecutor faulted Walker's counsel for making "accusations that somehow the detectives are not overwhelmed with work in this crime-ridden city where homicide is the order of the day." In addition, the prosecutor argued that Hale and Pearce were afraid to testify so that recanting their earlier statements was "understandable." Finally, the prosecutor suggested that Hale and Pearce might be in danger for their pre-trial statements and identified the jury as "standing between" them and "whatever fate could befall" them.

The trial judge issued curative instructions after the comments about Hale and Pearce, stating, "You're not to consider sympathy or bias or prejudice against any witness or any situation. Your job is to fairly and impartially consider the facts as you find them in making your determination." The judge also instructed the jury that counsel's arguments are not evidence and that they could consider inferences suggested by counsel only if they were supported by the evidence.

Walker unsuccessfully pursued a direct appeal and relief under Pennsylvania's Post-Conviction Relief Act in the state courts. Notably, while Walker argued that the prosecutor's misconduct had deprived him of a fair trial in his PCRA petition, citing state court decisions, he did not specifically claim a violation of his constitutional rights or federal law. The Pennsylvania Superior Court analyzed the prosecutor's comments regarding Hale's and Pearce's possible fear that if Walker were not convicted, they would be in danger, as well as the references to Philadelphia as "crime-ridden." The state court determined that the former were meant to explain why Hale and Pearce recanted their

4

testimony and that the latter were only brief comments. The state court reasoned further that, even if the challenged statements were inappropriate, the court sustained objections and issued immediate curative instructions.

Walker subsequently filed the instant petition for writ of habeas corpus. With respect to the sole issue on appeal – whether Walker was denied due process based on the prosecutor's misconduct during closing argument – the District Court held that Walker raised the federal due process issue with sufficient precision to satisfy the exhaustion requirement. However, the District Court concluded that the prosecutor's comments had not deprived Walker of a fair trial. The District Court found that the prosecutor's reference to Philadelphia as a "crime-ridden city" was an invited response to a comment by Walker's counsel accusing the police of being "sloppy" in handling the case. The District Court found further that the prosecutor's description of the possible fear experienced by Hale and Pearce was an attempt to allow the jury to draw an inference as to why the two witnesses recanted their prior statements. The District Court noted that the jury had in fact heard evidence of Hale's and Pearce's prior statements at trial.

The District Court did conclude that the prosecutor's suggestion that a verdict of not guilty could jeopardize Hale's and Pearce's safety was misconduct. However, the District Court reasoned that such misconduct had not deprived Walker of a fair trial, given that the verdict was supported by Andrews' eyewitness testimony and that the judge had issued curative instructions.

Walker timely appealed.

5

## II. Analysis

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

We exercise plenary review over the District Court's determination. *Moore v. Morton*, 255 F.3d 95, 103 (3d Cir. 2001).

Our standard of review of the underlying state court decisions in habeas claims is generally deferential. We may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by, the Supreme Court of the United States." 28 U.S.C. § 2254(d). We reject Walker's argument that the state court did not adjudicate his misconduct claims on the merits. The Superior Court of Pennsylvania specifically analyzed whether the prosecutor's comments had deprived Walker of a fair trial and concluded that they had not. As such, we will apply the deferential standard of review required by § 2254(d).

We are concerned as to whether Walker in fact exhausted the claims that are the subject of this appeal before the state court.[1] However, even if not procedurally

---

[1]Walker's PCRA petition does not mention either a violation of the Constitution, due process, or federal law. Rather, it cites state court cases that in turn rely on federal case law. In *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), the Supreme Court held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion, that

6

defaulted, his due process claims fail.

In evaluating a claim based on prosecutorial misconduct, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). "[T]he reviewing court must examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant." *Moore*, 255 F.3d at 107.

Under this standard, the Pennsylvania state court's determination did not result in a decision that was contrary to, or involved an unreasonable application of clearly established federal law. As noted above, we must view the prosecutor's comments in context of the entire trial. We agree with the District Court that the prosecutor's reference to crime and homicides in Philadelphia was a response to defense counsel's attempt to discredit the police's handling of the case. We also agree that the prosecutor's suggestion as to Hale and Pearce's possible fear of testifying was an attempt to offer an explanation as to why they had recanted their earlier statements. Contrary to Walker's argument, the prosecutor did not invite the jury to infer that Hale and Pearce were afraid of Walker himself, but rather that they were afraid because they had to return to the neighborhood

does so." The *Baldwin* Court did not decide whether an appellant fairly presented a federal law claim where the state law claim he clearly raised is identical to the federal claim, which appears to be the case here. *Id.* at 34.

7

where the crime occurred. Moreover, the jury was instructed as to what permissible inferences they could make. Even if the references to the crime rate in Philadelphia and the witnesses' possible fear were improper, the state court reasonably held that they did not deprive Walker of a fair trial.

The prosecutor's suggestion that the jury should return a guilty verdict to protect Hale's and Pearce's safety was improper. However, even those statements did not deprive Walker of a fair trial. In *Darden*, the Supreme Court held that a prosecutor's comments referring to the defendant as an "animal," suggesting that the death penalty was the only way to protect the public, and indicating his own wishes that the defendant would die by a variety of grisly means, did not deprive the defendant of a fair trial where the comments "did not manipulate or misstate the evidence" or "implicate other specific rights of the accused" and where the court issued curative instructions and the weight of the evidence was against the defendant. In Walker's case, the trial court issued curative instructions immediately after the prosecutor's comments, telling the jury "not to consider sympathy or bias or prejudice against any witness." Furthermore, the evidence against Walker was such that it reduced the likelihood that the jury was influenced by the prosecutor's comments. *Darden*, 477 U.S. at 182. The prosecutor's comments in no way implicated the testimony of Andrews, an eyewitness to the shooting who knew Walker and saw him shoot Hamlin.[2] On this record, the state court's determination that the

_____

[2]Walker discounts the strength of Andrews' testimony, arguing that Andrews' testimony was not inconsistent with a claim of self-defense and noting that Hale saw

prosecutor's comments did not deprive Walker of a fair trial was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

**III.** **Conclusion**

For the reasons set forth above, we will **affirm** the judgment of the District Court.

---

Hamlin with a gun. However, the evidence showed that Hamlin was shot three times, once in the back. The fact that Andrews did not see all of the shots that were fired does not alter his testimony that he saw Walker shoot Hamlin.