NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3727
_____

ANTHONY REID,
                                        Appellant,

v.

JEFFREY BEARD, THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA; THE ATTORNEY
GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cv-2924)
District Judge:  Hon. Robert F. Kelly
_____

Argued February 7, 2011

Before:  JORDAN, GREENAWAY, JR., and STAPLETON, Circuit Judges.

(Opinion Filed:  March 25, 2011)

Cristi Charpentier (Argued)
Matthew Lawry
Leigh Skipper
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Building
Philadelphia, PA 19106
        Attorneys for Appellant

Joshua S. Goldwert (Argued)
Thomas W. Dolgenos

Ronald Eisenberg
Joseph E. McGettigan, III
R. Seth Williams
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107
        Attorneys for Appellee

_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Appellant Anthony Reid ("Reid") appeals the September 2, 2009 order of the

District Court, rejecting his objections to the Magistrate Judge's Report and

Recommendation ("R&R") and dismissing, with prejudice, his Petition seeking the

issuance of a Writ of Habeas Corpus.  Reid is only appealing his "claim that he is entitled

to relief from his conviction and sentence because of the prosecutor's allegedly improper

arguments and statements."  (App. Vol. I 26).  We cannot say that the state courts'

decisions are "contrary to, or involv[e] an unreasonable application of, clearly established

Federal law." See 28 U.S.C. § 2254(d).  Therefore, we will affirm the District Court's

denial of Reid's petition.

## I.    BACKGROUND

Reid and a co-conspirator, Kevin Bowman, both members of the Junior Black

Mafia ("JBM"), were accused of the March 13, 1989 shooting of fellow JBM members

Neil Wilkinson ("Wilkinson") and Darryl Woods ("Woods").   That shooting left

Wilkinson dead and Woods seriously injured.   On April 19, 1990, after a jury trial before

2

the Court of Common Pleas of Philadelphia County, Reid and Bowman were convicted of first degree murder, criminal conspiracy, and possessing an instrument of a crime. Because the jury was deadlocked with respect to the appropriate sentence, the trial judge entered a sentence of life imprisonment for both defendants.

Reid made several post-verdict motions for relief from judgment and from the imposition of a life sentence. In its January 21, 1993 opinion, the trial court examined the various legal arguments put forth by Reid to support his motions for relief, including a claim of prosecutorial misconduct based on the prosecutor's use of evidence of other crimes and evidence of Reid's membership in JBM, the general "disgraceful performance by the District Attorney," specifically, in the examination of Woods and in the prosecutor's response to defense contentions that the police were lying. Commonwealth v. Reid, No. 8907-008-012, 1993 WL 1156018, *152-59 (Ct. Com. Pl., Phila. Cnty., Jan. 21, 1993).

In reviewing those claims, the trial court asked whether the prosecutorial misconduct resulted in "unavoidable prejudice" to the defendant. Id. at *155 (citing Commonwealth v. Johnson, 533 A.2d 994, 997 (Pa. 1987)). The trial court recognized that, at times, the prosecutor went beyond what is considered permissible, and noted that, when those instances occurred, it sustained objections, issued careful instructions to the jury to disregard information it had ruled irrelevant, and made every effort to guarantee a fair trial. The trial court determined that the alleged prosecutorial misconduct did not result in "unavoidable prejudice" to the defendant because it did not rise to the level that would prevent the jury from entering an objective and true verdict. Id. at *155-56.

Reid then filed a direct appeal to the Superior Court of Pennsylvania, claiming that the trial court erred by: (1) admitting Wood's prior inconsistent statement as substantive evidence; (2) admitting evidence of Reid's membership in the JBM; and (3) admitting evidence of the unrelated murder of Michael Waters ("Waters"). Reid further argued that both he and Bowman were denied a fair trial by the prosecutor's misconduct. The Superior Court issued an opinion on October 14, 1993, finding that the Trial Court opinion adequately and comprehensively disposed of those arguments and that the first and second claims were resolved by the Pennsylvania Supreme Court in Reid's death penalty appeal of his murder of another individual. The Superior Court denied Reid's appeal and affirmed the Trial Court's judgment of sentence.[1]

Reid next filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, raising the same claims as he had in Superior Court. The Supreme Court denied the petition on March 22, 1994.[2]

On July 1, 2004, Reid filed a *pro se* petition seeking the issuance of a federal writ of habeas corpus. Counsel was appointed to represent Reid, and a Consolidated

---

[1] Woods's prior inconsistent statements and evidence of the Wilkinson shooting with the 10-millimeter weapon were both deemed admissible evidence in Reid's death penalty appeal of his conviction for the murder of Waters. See Commonwealth v. Reid, 626 A.2d 118 (Pa. 1993). The use of the 10-millimeter weapon in each case was permitted to establish Reid's presence at both murder scenes. Woods's testimony was also used to help the government establish Reid as the shooter in each case. Id. at 120.

[2] Beginning in December of 1996, Reid filed multiple petitions under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541. His claims of prosecutorial misconduct were found to have been previously litigated and, accordingly, were not addressed on their merits in the resulting opinions resolving the petitions."

4

Amended Petition for a Writ of Habeas Corpus was filed on March 21, 2005. The stated grounds for relief in the amended petition included prosecutorial misconduct, flawed jury instructions, ineffective assistance of counsel, newly discovered evidence, and the improper admission of hearsay and other evidence.

On April 9, 2009, the Magistrate Judge issued an R&R recommending the denial of Reid's petition and concluding that there were no grounds for the issuance of a Certificate of Appealability.[3] After noting that much of what Reid presented in his briefs was little more than "extensive fragments and summations of objections and trial court instructions … with little or no explanation or legal analysis," the Magistrate Judge parsed the seventy pages Reid devoted to prosecutorial misconduct into five claims: 1) the improper admission of references to the JBM; 2) the improper references to, and production of, evidence of Reid's other crimes; 3) the improper questioning of Woods; 4) the improper questioning of Daniel McKay about the murder of Michael Waters, a murder in which Reid was involved; and 5) the denial, through consistent prosecutorial misconduct, of Reid's constitutional right to be presumed innocent.[4] (App. Vol. II 99-105). In the R&R, the Magistrate Judge determined that each claim failed to support the grant of habeas relief.

[3] In the intervening period, the District Court stayed Reid's federal petition while he pursued a pro se successor petition, pursuant to the PCRA, in the Pennsylvania state courts. On May 11, 2007, after dismissal of the state petition was affirmed on appeal, Reid moved to reactivate his federal petition. The District Court reactivated Reid's petition and he filed a supplement to his amended petition on October 1, 2007. Briefing on the matter concluded on February 26, 2008.

[4] Only those findings of the R&R that relate to prosecutorial misconduct are recounted here as that is the only issue for which appeal was granted.

On September 2, 2009, the District Court rejected Reid's objections to the R&R and adopted the recommendations. The District Court also dismissed Reid's petition for a Writ of Habeas Corpus, with prejudice.

On January 22, 2010, this Court granted a Certificate of Appealability "on [Reid's] claim that he is entitled to relief from his conviction and sentence because of the prosecutor's allegedly improper arguments and statements." (App. Vol. I 26). Reid argued that the prosecutor's misconduct was both systematic and severe, that the Trial Court's attempts at "curative" instructions were ineffectual, and that the prosecution's case was relatively weak. (Appellant's Br. at 3.) Reid contended that the cumulative effect of the misconduct resulted in a deprivation of due process because it eroded the fairness of the trial, and that habeas relief is warranted.

## II.    STANDARD OF REVIEW[5]

We exercise plenary review when a District Court dismisses a habeas petition without an evidentiary hearing. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001). Here, the state court has arguably considered the petitioner's federal claims on the

---

[5] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254(a). We granted a Certificate of Appealability as to Reid's claim of prosecutorial misconduct and, now have jurisdiction, relative to that claim, pursuant to 28 U.S.C. §§ 2291 and 2253.

merits.[6] Thus, the deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is applicable.  28 U.S.C. § 2254(d).

The application for a writ of habeas corpus shall not be granted absent a finding that the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the state court proceeding." Id.  Further, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

## III.    DISCUSSION[7]

Reid's claim on appeal is limited to prosecutorial misconduct.  The Supreme Court has held that prosecutorial misconduct is insufficient to overturn a conviction unless it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process."  Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).  It is not enough to

---

[6] It is not clear that Reid fairly characterized his claims at the state level as federal ones. With respect to the prosecutorial misconduct claim, the state courts applied the state standard – the "unavoidable prejudice test" – for finding prosecutorial misconduct. Because that standard is "materially indistinguishable" from the federal one, see Gee v. Kerestes, 722 F. Supp. 2d 617, 624-25 (E.D. Pa. 2010), we consider the state courts' opinions to have addressed Reid's now clearly articulated federal claim on the merits.

[7] As an initial matter, we note that the Commonwealth urges that we find Reid's claim procedurally defaulted for failure to exhaust the remedies available in state court. Because we deny Reid's Petition for Habeas Corpus on the merits, we will not comment on whether Reid's claims are procedurally defaulted.

7

show that a prosecutor's remarks were inappropriate or even deserving of universal condemnation. Darden v. Wainwright, 477 U.S. 168, 181 (1986). A reviewing court must "examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant" to determine if prosecutorial conduct rises to a level that infects the trial with such unfairness as to make the resulting conviction a denial of due process. Moore v. Morton, 255 F.3d 95, 107 (3d Cir. 2001).

The trial court, in its post-verdict opinion, and every other state court that later examined the record, determined that the prosecutorial misconduct in this case – and there was clearly misconduct – did not rise to a level that would require the new trial Reid seeks.[8] The trial court, which was in the best position to consider the effect of any misconduct, carefully considered Reid's allegations, recognized that in some instances the prosecutor went beyond what was permissible, but found that, through curative instructions and other efforts to guarantee a fair trial, the prosecutor's misconduct did not prevent the jury from weighing "the evidence objectively and render[ing] a true verdict." Commonwealth v. Reid, 1993 WL 1156018 at *155.

Under the standard articulated in Donnelly, that determination, which was affirmed and adopted by the Superior Court, did not result in a decision that was contrary to, or involved an unreasonable application of clearly established federal law. It does not

---

[8] Indeed, reference to the Pennsylvania Bar's ethics committee for disciplinary proceedings may well be in order, and we encourage that, at a minimum, the Philadelphia District Attorney's office take appropriate steps to counsel and discipline this prosecutor.

8

matter that the trial court applied a state standard,[9] adopted by the Superior Court on direct appeal, for determining prosecutorial misconduct, rather than the federal one articulated in Donnelly and its progeny. (Appellant's Br. at 51). The state standard has been found to be consistent with and materially indistinguishable from the federal one. Kerestes, 722 F. Supp. 2d at 624 (citing Corredor v. Coleman, No. 09-CV-1817, 2010 WL 391413, at *8 n.7 (E.D. Pa. Jan. 26, 2010) ("both focus on the fundamental fairness of the trial based on potential prejudice from the alleged prosecutorial misconduct.")).[10] Therefore, we reject Reid's contention that the application of that state standard alone renders the state courts' opinions contrary to federal law.

We agree with the state courts' conclusion that the prosecutor's missteps were effectively ameliorated when the trial court sustained objections and issued curative instructions. Further, the record does not support Reid's contention that the evidence

---

[9] As articulated in Johnson, that state standard – the "unavoidable prejudice test" – is that prosecutorial misconduct will undermine a verdict when a prosecutor engages in conduct or uses language whose "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." 533 A.2d at 997 (citations and quotations omitted).

[10] See also, Simmons v. Diguglielmo, No. 08-CV-5911, 2009 WL 2835261, at *12 n.10 (E.D. Pa. Aug. 28, 2009) (noting Pennsylvania's state test and the federal test for prosecutorial misconduct are "substantively identical"); Walker v. Palahovich, No. 05-0609, 2007 WL 666763, at *5-6 (E.D. Pa. Feb. 6, 2007) (same), aff'd, 280 F. App'x 212 (3d Cir. 2008) (finding the state court's holding that the prosecutorial misconduct at issue did not violate federal law was not contrary to, or an unreasonable application of, clearly established federal law); Young v. Klem, No. 04-CV-0843, 2006 WL 487139, at *2 (E.D. Pa. Feb. 28, 2006) (finding the state standard for prosecutorial misconduct to be consistent with Supreme Court law).

against him was so weak as to be outweighed by the alleged prosecutorial misconduct.[11] Accordingly, viewing the trial court's opinion on the narrow issue of prosecutorial misconduct through the lens of the federal standard articulated in <u>Donnelly</u>, the trial court's decision was not contrary to, or an unreasonable application of, clearly established federal law.

## IV.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's denial of Reid's Petition for a Writ of Habeas Corpus.

---

[11] We note that the trial judge found that the "evidence of [Reid's] guilt was overwhelming." <u>Commonwealth v. Reid</u>, No. 8907-008, slip op. at 14 (Ct. Com. Pl., Phila. Cnty., May 30, 2002).