**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STERLING CUNIO,

              Petitioner - Appellant,

    v.

BRIAN BELLEQUE,

              Respondent - Appellee.

No. 10-36017

D.C. No. 6:08-cv-0841-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Argued and Submitted December 6, 2011
Seattle, Washington

Before: TASHIMA, McKEOWN, and TALLMAN, Circuit Judges.

Sterling Cunio, an Oregon state prisoner, appeals the district court's denial

of his petition for a writ of habeas corpus. Cunio contends that: (1) the

prosecutor's motion to dismiss two aggravated felony murder counts was a breach

of his agreement to a stipulated facts trial and so rendered his jury trial waiver

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

unknowing and involuntary in violation of Fourteenth Amendment due process; and (2) he was denied effective assistance of counsel under the Sixth Amendment when his attorney failed to object to the prosecutor's motion to dismiss on due process grounds. Cunio's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

1.       A state prisoner's federal habeas petition should be dismissed if the petitioner has not exhausted available state remedies by "fairly presenting" his federal claims in briefing before each appropriate state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Baldwin v. Reese*, 541 U.S. 27, 29-31 (2004). In order fairly to present a claim, a petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts relevant to the constitutional claim by describing both the operative facts and the federal legal theory on which the claim is based. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). A petitioner may not fundamentally alter the legal claim already considered by the state courts. *Beaty v. Stewart*, 303 F.3d 975, 989-90 (9th Cir. 2002). Accordingly, mere citation to the same constitutional protection in state and federal court is not sufficient if the legal theory or factual allegations urged in its support are not constant. *See Picard v. Connor*, 404 U.S. 270, 277 (1971).

In state court, Cunio argued that his jury trial waiver was not knowing and voluntary because his attorney misinformed him that he could not be sentenced to consecutive sentences and because he did not understand the lengthy sentence that could result from his waiver. It was not until his federal petition that Cunio asserted that prosecutorial breach of a binding plea agreement, which Cunio says required the prosecutor to seek conviction on all eight charges alleged in the indictment, rendered his waiver involuntary because it deprived him of the benefit of his bargain. Cunio has thus significantly changed the legal theory that links the underlying facts to his federal due process claim. Cunio's due process claim was therefore not exhausted before the Oregon courts and is consequently procedurally defaulted. *See* Or. Rev. Stat. §§ 138.510(3) (two year time limit for petitions), 138.550(3) (barring successive petitions).

**2.** Even assuming, *arguendo*, that Cunio fairly presented his ineffective assistance claim to the Oregon state courts, Cunio's claim that his attorney failed to provide effective assistance when he did not object to the prosecutor's alleged breach of the stipulated facts agreement fails on the merits. *See* 28 U.S.C. § 2254(b)(2) (permitting a petition to be denied on the merits, notwithstanding failure to exhaust state court remedies). In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's representation

3

fell below an objective standard of reasonableness and must demonstrate a reasonable probability that, but for counsel's errors, the result in the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). Review of a *Strickland* claim in a federal habeas petition is "doubly deferential," because the court must apply deferential AEDPA review to the state court's decision, as well as the strong presumption in favor of the reasonableness of counsel's conduct. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

The Oregon post-conviction relief court concluded that Cunio did not establish prejudice due to his trial counsel's alleged deficiencies and that he was not denied the right to effective assistance of counsel under the United States Constitution. That court also found that the trial prosecutor's motion to dismiss did not change or violate the terms of Cunio's stipulated facts agreement, a determination that we must presume correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In light of that finding, the Oregon court's conclusions were not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). Accordingly, Cunio's ineffective assistance of counsel claim fails on the merits.

**AFFIRMED.**