**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO ZAVALA,

        Petitioner - Appellant,

v.

TERRI GONZALEZ, Warden,

        Respondent - Appellee.

No. 10-56949

D.C. No. 2:08-cv-07589-DMG-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted July 9, 2013
Pasadena, California

Before: BENAVIDES,[**] BYBEE, and NGUYEN, Circuit Judges.

Fernando Zavala appeals from the district court's denial of his federal

habeas corpus petition. In his habeas petition, Zavala argued that the state trial

court violated his Sixth and Fourteenth Amendment rights to due process and a fair

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Fortunato P. Benavides, Senior Circuit Judge for the
U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

trial by failing to instruct the jury on voluntary intoxication as a consideration relevant to the specific intent elements of the charged offense of criminal threats under California Penal Code § 422. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The government argues that Zavala has failed to exhaust his constitutional claims in state court. Although the government is correct that Zavala's claims were not fairly presented before the California courts because he raised only the issue of instructional error on state-law grounds, and did not indicate any independent federal constitutional basis for his claim, *see Baldwin v. Reese*, 541 U.S. 27, 30-32 (2004); *Castillo v. McFadden*, 399 F.3d 993, 998-99 (9th Cir. 2005), AEDPA requires a petitioner to exhaust only "remedies still available at the time of the federal petition," *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002); *see also* 28 U.S.C. § 2254(b)(1)(A). "If a petitioner failed to present his claims in state court and can no longer raise them through any state procedure, state remedies are no longer available, and are thus exhausted." *Franklin*, 290 F.3d at 1231; *see also Slovik v. Yates*, 556 F.3d 747, 751 n.4 (9th Cir. 2009). Here, Zavala cannot return to state court to raise his claims because they would be time-barred. *See In re Clark*, 855 P.2d 729, 760 (Cal. 1993) ("[A]bsent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus,

2

successive and/or untimely petitions will be summarily denied."); *see also Walker v. Martin*, 131 S. Ct. 1120, 1128-30 (2011); *cf. In re Robbins*, 959 P.2d 311, 317 (Cal. 1998) (explaining that claims filed more than 90 days after the filing of the reply brief in direct appeal in capital cases are presumptively untimely). Zavala's claims are thus technically exhausted. *See Franklin*, 290 F.3d at 1231. Although such technically exhausted claims may also be procedurally defaulted, *see Coleman v. Thompson,* 501 U.S. 722, 732, 735 n.1 (1991); *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc), the government did not raise the issue of procedural default before the district court and has thus forfeited the issue, *see Franklin*, 290 F.3d at 1229-31.

As to the merits of Zavala's constitutional claims, the government argues that the *Teague* retroactivity principle bars review. *See Horn v. Banks*, 536 U.S. 266, 271-72 (2002) (per curiam). We conclude that *Teague* does not bar review. Zavala's claims would not require an application of a "new rule" under Ninth Circuit precedent. *See Butler v. Curry*, 528 F.3d 624, 635 n.10 (9th Cir. 2008). We have previously held that a state court's "failure to correctly instruct the jury on [a] defense may deprive the defendant of his due process right to present a defense." *Bradley v. Duncan*, 315 F.3d 1091, 1099 (9th Cir. 2002); *see also Conde v. Henry*, 198 F.3d 734, 739-40 (9th Cir. 2000).

However, even if we were to conclude that there was constitutional error in this case,[1] any potential error was harmless. In conducting harmless error review, "we apply the *Brecht* test without regard for the state court's harmlessness determination." *Merolillo v. Yates*, 663 F.3d 444, 455 (9th Cir. 2011); *see also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007). We conclude that, under *Brecht*, any error in failing to instruct the jury on voluntary intoxication in this case did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Zavala's primary strategy at trial was not to assert a defense of voluntary intoxication, but rather to deny that he had ever threatened or assaulted Ozkan. Moreover, voluntary intoxication is not an affirmative defense in California, *see People v. Horton*, 906 P.2d 478, 509 (Cal. 1995); *People v. Reyes*, 52 Cal. App. 4th 975, 982-83 (Ct. App. 1997), and to the extent that it was relevant to the specific intent element of criminal threats under California Penal Code § 422, there was overwhelming evidence demonstrating that Zavala intended to threaten Ozkan and

---

[1] As we noted in *Slovik*, 556 F.3d at 751 n.4, the standard of review that applies to claims that were not raised before the state court, but are technically exhausted, is unclear. *Compare, e.g.*, *Franklin*, 290 F.3d at 1233 (applying AEDPA's deferential standard), *with, e.g.*, *Chaker v. Crogan*, 428 F.3d 1215, 1220–21 (9th Cir. 2005) (applying de novo review). We need not resolve any tension between these cases because, even if there is constitutional error, any error is harmless under *Brecht*.

made the threat "with the specific intent that the statement . . . be taken as a threat," *People v. Garrett*, 30 Cal. App. 4th 962, 966 (Ct. App. 1994) (emphasis omitted). Zavala repeatedly threatened to kill Ozkan, pointed a gun at him, and fired several times. "[T]he guilty verdict actually rendered in [Zavala's] trial was[, thus,] surely unattributable to the error." *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993).

**AFFIRMED**.