OPINION*
ROTH, Circuit Judge.
Simon Pirela, aka Salvador Morales, appeals the District Court’s order, denying his habeas petition. He argues that counsel was ineffective for failing to raise a diminished capacity defense at the guilt phase of his trial. Because we find that Pirela suffered no prejudice, we will affirm.
1. Background
On August 29,1982, Pirela brutally murdered Georgie Figueroa. After leading Figueroa into a trap, Pirela ordered his brother “Dency” to kill Figueroa. When Dency balked, Pirela slapped him in the face and stabbed Figueroa repeatedly in the chest, eventually announcing that Figueroa was dead. Somehow, Figueroa.attempted to escape. Upon discovering this, Pirela handed a knife to another brother “Cobo,” who stabbed Figueroa in the back several times, killing him. Pirela then told his associates to “clean up” and “get rid of the body.” When the body was discovered by the police on September 9, 1982, the autopsy revealed that Figueroa had been stabbed at least twenty times: eight times in the front and twelve in the back.
On May 18, 1988, Pirela and Cobo were convicted of murder and conspiracy to commit murder.[1] On direct appeal, the Pennsylvania Supreme Court affirmed Pirela’s conviction and sentence.[2] Pirela argued that the trial court had erred by refusing to continue the sentencing hear *129 ing to allow Pirela’s counsel to consult Dr. Gino Grosso, a court-appointed psychiatrist who had examined him prior to trial. The court held that Pirela “gave no indication to the [trial] court (nor to this Court) as to how the psychiatrist’s testimony would have been beneficial,” and “made a knowing, intelligent and voluntary waiver, on the record, of his right to present' any evidence at the sentencing hearing.”[3]
In 1987, Pirela filed a petition for state collateral review. New counsel was appointed and argued that trial counsel had rendered ineffective assistance by failing to present mitigating evidence at the sentencing hearing. The petition was denied and the denial was upheld on appeal.[4] In 1990, Pirela filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania; the petition was suspended pending exhaustion of state court remedies.
On June 8, 1992, Pirela filed a second state post-conviction relief petition, alleging, inter alia, that trial counsel was ineffective for failing to procure the trial testimony of Dr. Grosso. On September 17, 1997, the Pennsylvania Supreme Court held that all of Pirela’s claims were merit-less or previously litigated with the exception of prosecutorial misconduct at sentencing.[5] With respect to Dr. Grosso, the Pennsylvania Supreme Court analyzed only a claim of ineffective assistance at the sentencing phase. The court found that the claim was both previously litigated and meritless, because the Pirela could only speculate that Dr. Grosso’s testimony would be beneficial and Pirela’s waiver of his right to present mitigating evidence at sentencing was “knowing, intelligent and voluntary.”[6]
On January 17, 2001, Pirela reopened the federal habeas proceedings, but they stalled for nearly six years.[7] In October of 2008, Pirela’s habeas case was assigned to a Magistrate Judge for a Report and Recommendation. On April 29, 2013, the Magistrate Judge recommended that the petition be dismissed with prejudice, reasoning that (1) the claim was defaulted because “[i]n state court, [Pirela] did not claim that counsel was ineffective in failing to present a diminished capacity defense,” and (2) the claim was meritless because Pirela was unable “to establish that at the time of Mr. Figueroa’s death, [Pirela] was suffering from a mental disorder that specifically affected the cognitive functions of deliberation necessary to formulate a specific intent to kill.” On May 22,.2013, the District Court approved and adopted the Report and Recommendation, with one modification. The court held that the Magistrate Judge had applied an incorrect standard of review, but concluded 'nevertheless that the analysis was the functional equivalent of the de novo analysis required by the correct standard.
II. Discussion
We exercise plenary review over the *130 District Court’s habeas decision.[8] Because this habeas proceeding began before the passage of the Antiterrorism and Effective Death Penalty Act of 1996,[9] we apply a de novo standard of review to state court rulings regarding pure legal questions and mixed questions of law and fact.[10]
A. Pirela’s Claim Was Not Procedurally Defaulted
“Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners’ federal rights.”[11] To demonstrate that his claim was not defaulted, Pirela must demonstrate that the claim in his habeas petition “was the substantial equivalent of that presented to the state courts,”[12] including both the “legal theory and supporting facts.”[13] Pirela must also demonstrate he raised his claim at each available level of appellate review,[14] giving the “state courts ... an opportunity to correct the constitutional violation in the first instance.”[15]
In his second petition for state collateral review, Pirela had alleged that trial counsel was ineffective for “failing to preserve his right to the assistance of a psychiatrist at trial and sentencing” by failing to consult with court-appointed psychiatrist Dr. Grosso either before or during the guilt phase proceedings. The state review court had ordered Pirela to submit a brief with more specificity regarding “facts that would support diminished capacity or other psychiatric defense.” While the thrust of Pirela’s responsive argument related to sentencing, Pirela mentioned diminished capacity, distinguished between trial and sentencing, and discussed mental health evaluations that suggested his regular drug use could have reduced his mental capacity. Admittedly, the brief never identified diminished capacity as a defense to the murder charge and never described how his drug use could have prevented Pirela from forming the specific intent to kill. Pirela, however, need not have proven the merits of his case to avoid procedural default; he must only have raised it.[16]
After the state petition was denied, Pirela appealed to the Pennsylvania Supreme Court, where he once again advanced the ambiguous psychiatric defense theory based on his counsel’s failure to consult with Dr. Grosso before trial. The Pennsylvania Supreme Court did not read Pirela’s brief to raise a guilt-phase issue and ruled again on the sentencing claim.[17] Nevertheless, the fact that the court did not address the guilt phase claim does not render it procedurally defaulted. Pirela argued for ineffectiveness at both trial and *131 sentencing, and accordingly, we conclude that guilt phase ineffectiveness was fairly presented.
B. Pirela Suffered No Prejudice Due to His Counsel’s Failure to Investigate
To succeed on an ineffective assistance of counsel claim, Pirela must show (1) that his counsel’s performance was deficient under “an objective standard of reasonableness,” and (2) that he was prejudiced by counsel’s failures.[18] To demonstrate prejudice, Pirela must show that there is “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” [19]
Pirela argues that if the original jury had been presented with evidence of his mental health, drug usage, and diminished intellectual capacity, there is a reasonable probability that the jury would have determined that he lacked the ability to formulate a specific intent to kill.[20] Specifically, Pirela argues that his trial counsel failed to even investigate a diminished capacity defense. Certainly, we have found ineffective assistance in cases where counsel fails to adequately investigate.[21] There was, however, no prejudice here.
In order to succeed on a diminished capacity defense, Pirela must be able to demonstrate that, although he intended the attack, he did not and could not have intended it to result in Figueroa’s death.[22] Such a finding is exceedingly unlikely. A jury would have been presented with the facts that Pirela ordered Dency to “Ml Georgie!”, slapped Dency for balking at the order, stabbed Figueroa repeatedly himself. Then, after announcing that Figueroa was dead, and discovering that Figueroa yet lived, Pirela handed Cobo a knife to kill Figueroa again, and finally ordered his associates to dispose of the body. It is almost unimaginable that a jury could find specific intent lacking in this case.
III. Conclusion
For the above reasons, we conclude that Pirela suffered no prejudice due to his trial attorney’s failure to investigate his merit-less diminished capacity defense. We will affirm.

This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

. The subsequent procedural history is long, and complicated, so for brevity we discuss only that which is relevant to the issue before us.

. Commonwealth v. Morales, 508 Pa. 51, 494 A.2d 367 (1985).

. id.

. Commonwealth v. Morales, 394 Pa.Super. 613, 565 A.2d 820 (1989).

. Commonwealth v. Morales, 549 Pa. 400, 701 A.2d 516 (1997).

. Id. at 521.

. The proceedings stalled while Pirela sought relief in the state courts from a death sentence in another murder conviction. On April 30, 2004, the court presiding over the other matter ruled that Pirela lacked the mental capacity to justify the death penalty under Atkins v. Virginia, and was thus ineligible for execution under the Eighth Amendment. The Pennsylvania Supreme Court affirmed on August 20, 2007, in an unpublished, per curiam order.

. Simmons v. Beard, 590 F.3d 223, 231 (3d Cir.2009).

. Woodford v. Garceau, 538 U.S. 202, 207, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).

. Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001).

. Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (quotation marks and internal citation omitted).

. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997).

. Doctor v. Walters, 96 F.3d 675, 678 (3d Cir.1996), abrogated on other grounds by Beard v. Kindler, 558 U.S. 53, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009).

. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

. id.

. See Baldwin, 541 U.S. at 29, 124 S.Ct. 1347.

.Morales, 701 A.2d 516.

. Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. Id. at 694, 104 S.Ct. 2052.

. Id.

. Jacobs v. Horn, 395 F.3d 92, 101 (3d Cir.2005).

. Commonwealth v. Bracey, 568 Pa. 264, 795 A.2d 935, 946 n. 10 (2001).