NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO ORTIZ, | No. 20-56359 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-01409-RSWL-MAA |
| v. | |
| SECRETARY OF CORRECTIONS, CDCR, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted November 8, 2023[**]
Pasadena, California

Before: WALLACE, W. FLETCHER, and OWENS, Circuit Judges.

California state prisoner Gerardo Ortiz appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas petition challenging his convictions for

various forcible sexual crimes against a minor. "We review the district court's

denial of habeas relief de novo." *Panah v. Chappell*, 935 F.3d 657, 663 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2019).  Ortiz's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which he is entitled to relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding," *id.* § 2254(d)(2).

Where the last state-court decision on the merits is not accompanied by reasons, the federal habeas court must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . [and] presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).  Here, the California Supreme Court summarily denied Ortiz's petition for review, so the California Court of Appeal's decision provides the "relevant rationale."  *Id.*  As the parties are familiar with the facts, we do not recount them here.  We affirm.

1.  Ortiz attacks his conviction based on the admission at trial of the victim's preliminary hearing testimony.  He argues that admitting this testimony violated the Confrontation Clause.  Under the deferential standard of AEDPA, *see* 28 U.S.C. § 2254(d), the California Court of Appeal did not err in denying this claim.  "Where testimonial evidence is at issue . . . the Sixth Amendment demands

. . . unavailability and a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The California Court of Appeal reasonably concluded that the victim was unavailable because she refused to testify. There is no U.S. Supreme Court authority on the measures a trial court must take before declaring unavailable a witness who is present in court and has no claim of privilege but still refuses to testify. In the absence of any such authority, the California Court of Appeal decision could not be "contrary to, or involve[] an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

We are not persuaded by Ortiz's argument that the California Court of Appeal violated *Barber v. Page*, 390 U.S. 719 (1968), which requires that a prosecutor make a "good-faith effort" to produce an absent witness for the unavailability exception to the confrontation requirement to apply. *Id.* at 724–25. This case does not "fall[] squarely within" *Barber*. *See Moses v. Payne*, 555 F.3d 742, 753 (9th Cir. 2009). *Barber* concerned a prosecutor's failure to secure a witness's physical presence at trial, *see* 390 U.S. at 723–25, whereas this case involved a witness who was present but refused to testify. Therefore, the California Court of Appeal did not commit AEDPA error when it concluded that the witness was unavailable.

The California Court of Appeal also reasonably decided under *Crawford* that

3

Ortiz had an adequate opportunity to cross-examine the witness at the preliminary hearing. *See, e.g.*, *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) ("Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish."). As a result, admission of the witness's preliminary hearing testimony was not "contrary to, or . . . an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

2. Ortiz also asserts that the California Court of Appeal "fail[ed] 'to consider key aspects of the record'" in denying Ortiz's Confrontation Clause claim and therefore made an "unreasonable determination of the facts." *Milke v. Ryan*, 711 F.3d 998, 1010 (9th Cir. 2013) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1008 (9th Cir. 2004), *abrogated on other grounds by Cullen v. Pinholster*, 563 U.S. 170, 185 (2011)). Specifically, Ortiz contends that the California Court of Appeal overlooked the fact that the trial court never corrected the prosecutor's misstatement that the witness had a right not to testify.

The record belies this argument. The California Court of Appeal did not "fail 'to consider'" the prosecutor's misstatement; the first line of its opinion acknowledged that "[r]egrettably, the prosecutor incorrectly informed the young victim of several sex crimes that she had a choice whether to testify at trial." But, after recognizing this misstatement, the California Court of Appeal determined that

4

the trial court took "reasonable steps" to correct it and convey to the witness that she had no right to refuse to testify. Under 28 U.S.C. § 2254(d)(2), the California Court of Appeal's factual determinations to this effect were not "actually unreasonable" based on the evidence in the record. *Taylor*, 366 F.3d at 999.

3. Finally, Ortiz contends that the prosecutor committed misconduct by telling the witness that she had the right not to testify at trial. Ortiz did not raise his prosecutorial misconduct claim in his direct appeal to the California Supreme Court, so he did not exhaust this claim. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[T]he prisoner must 'fairly present' his claim in *each* appropriate state court (including a state supreme court with powers of discretionary review) . . . ." (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (emphasis added))).

Ortiz concedes that his "presentation of the legal theory" as to his prosecutorial misconduct claim was "less clear," and that he did not cite any prosecutorial misconduct cases in his brief. Yet he argues that his petition adequately alerted the California Supreme Court to the substance of this claim because it presented the operative facts, cited the Due Process Clause, and included as an attachment the California Court of Appeal's opinion, which considered this claim. The Supreme Court has "rejected the contention that the petitioner satisfied the exhaustion requirement of 28 U.S.C. § 2254(b) by presenting the state courts

5

only with the facts necessary to state a claim for relief" or "mak[ing] a general appeal to a constitutional guarantee as broad as due process." *Gray v. Netherland*, 518 U.S. 152, 163 (1996). Accordingly, the failure to exhaust precludes review of Ortiz's prosecutorial misconduct claim.

**AFFIRMED.**